THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. MARZANO, Appellant.—Casey, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered February 29, 1988, upon a verdict convicting defendant of the crime of intimidating a witness in the second degree.

The incident underlying defendant's conviction occurred at about 11:30 P.M. on May 8, 1987 in a tavern in the City of Oneonta, Otsego County. There, the complainant was con-

fronted by several individuals, including defendant, whose remarks and comments led complainant to believe that these individuals knew he was a confidential informant for the State Police in an undercover investigation of the illegal sale of drugs.

Complainant testified that defendant called him a "Nark", spat at him, grabbed him, hit him two or three times, pinned him up against a wall and choked him, saying, "You're not going anywhere. You're going to die." Complainant, a boxer for 11 years, stated that several other members of the group also struck him during this encounter, and that he then pulled out a can of dog repellant, sprayed it and punched defendant in the face about six times, after which complainant was struck on the head with a beer bottle, which broke. Complainant initially testified that he was certain it was defendant who struck him with the beer bottle, but later testified that he was not certain whether it was defendant or another member of the group. Complainant was subsequently taken to the police station, where he told the officers what happened, and then to the hospital.

Among the elements of the crime of which defendant has been convicted is that he intentionally caused "physical injury" to complainant (Penal Law § 215.16 [2]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). There is no proof of any impairment of complainant's physical condition, and we agree with defendant that the evidence does not support a finding of substantial pain. Complainant testified that he sustained several cuts and bruises which caused him pain. When asked to describe the pain, complainant testified, "It was just a painful incident, both emotionally and physically." The treating physician testified that complainant had two small cuts on his head, neither of which required stitches and only one of which required cleansing, and a small bruise over his right eye. Complainant received no medication and he was able to return to school. This evidence of an unspecified degree of pain and a few superficial cuts and bruises falls short of the required objective level of proof (see, Matter of Philip A., 49 NY2d 198; compare, People v Ingram, 143 AD2d 448, with People v Douglas, 143 AD2d 452; cf., People v Starling, 101 AD2d 704 [where the complainant sustained a bleeding laceration from a blow that "stunned him", caused him to experience "substantial pain" and resulted in his missing five days of work]).

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.