■ In the Matter of SCOTT QQ., a Person Alleged to be a Juvenile Delinquent, Appellant. PETER A. TULIN, as City Attorney of the City of Saratoga Springs, Respondent.—Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered March 23, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent contends that the evidence presented at the fact-finding hearing was legally insufficient to establish that the complainant suffered a physical injury as defined in Penal Law § 10.00 (9) and, therefore, a charge of assault in the third degree (Penal Law § 120.00) cannot be sustained. Penal Law § 10.00 (9) defines physical injury as "impairment of physical condition or substantial pain" and the definition is intended to exclude such things as " 'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives' " *(Matter of Philip A.,* 49 NY2d 198, 200 [citation omitted]).

The testimony here reveals that respondent grabbed the complainant by the throat with one hand and pushed him against the wall. Although the complainant claims that respondent's actions hurt him while he was being grabbed, such general assertions of pain are not enough to establish physical injury within the meaning of the statute *(see, People v Cheeks,* 161 AD2d 657; *People v Rodriguez,* 158 AD2d 376, *lv denied* 75 NY2d 969). In addition, except for some marks that appeared later that day, he neither provided evidence as to the duration of any pain *(see, Matter of Philip A., supra; People v Williams,* 101 AD2d 870) nor "other objective indicia of 'substantial pain' " *(People v Cheeks, supra).* Under the circumstances, we agree with respondent that the evidence is legally insufficient to sustain a finding that the complainant sustained a physical injury *(see, People v Jimenez,* 55 NY2d 895, 896; *People v Melcherts,* 147 AD2d 594, *lv denied* 74 NY2d 743). Consequently, the finding that respondent committed an act which,

if committed by an adult would constitute assault in the third degree, must be vacated and the petition dismissed (see, Matter of Shawn B., 152 AD2d 733; Matter of Robin B., 78 AD2d 679). In view of this determination, it is not necessary to address respondent's remaining contentions.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.