■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN L. BROWN, Appellant.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered October 12, 1990 in Broome County, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

The issues to be resolved herein are whether (1) proof of the necessary element of physical injury was sufficient to sustain defendant's conviction for assault in the second degree, (2) Supreme Court erroneously allowed in-court identification testimony by the victim and another witness, and (3) the sentence imposed should be reduced in the interest of justice to an indeterminate term of two to four years' imprisonment.

Proof on the assault charge consisted of the victim's testimony that defendant struck him several times on the head and neck with a handgun, that he bled and felt pain after being struck. The victim also testified that he went to the hospital by ambulance and described his injuries as "[j]ust small cuts and abrasions. Nothing that needed stitches or anything." The only other evidence of the extent of the injuries he sustained was the submission of photographs of his injuries taken a short time after the incident. Our holding in *People v Marzano* (147 AD2d 752) requires reversal of the second degree assault conviction on these facts. The evidence was insufficient to prove "physical injury" as that term is defined in Penal Law § 10.00 (9).

Supreme Court properly ruled that a photo array shown to the victim and the witness to the assault was not unduly suggestive. Moreover, because both the witness and the victim had an opportunity to view defendant under circumstances conducive to the observation of his features, an independent basis existed to support the subsequent in-court identification and suppression of such testimony is not warranted even if they were also shown an unduly suggestive photo array *(see, People v Stacey,* 173 AD2d 960, 961, *lv denied* 79 NY2d 832;

*see also, People v Ware,* 173 AD2d 903, 903-904; *People v Laurey,* 163 AD2d 742, 743, *lv denied* 76 NY2d 941). There was testimony by the victim that he knew defendant for over a year before the incident and by the witness that he had observed defendant in the victim's apartment six hours earlier on the night of the incident and recognized the person beating the victim as the person he had seen earlier in the evening. Finally, we find no reason to exercise our discretion and reduce the sentence imposed on defendant's conviction for the weapon possession charge *(see, People v Whalen,* 99 AD2d 883, 884-885).

Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction for assault in the second degree; the fourth count of the indictment is dismissed; and, as so modified, affirmed.