■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUIDICE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GUIDICE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [595 NYS2d 481] —Judgments, Supreme Court, New York County (Thomas Galligan, J.), rendered March 25, 1992, convicting each defendant, after a jury trial, of assault in the second degree, and sentencing Anthony Guidice and James Smith to terms of 2 to 6 years, and David Guidice, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

After David Guidice got into a physical dispute with a co-worker at a construction site, his father, Anthony Guidice, arranged for co-defendant Smith—Anthony Guidice's nephew —and an unapprehended man to exact physical retribution. The assault was arranged by Anthony Guidice from his New York County office. Several of these telephone calls were recorded pursuant to electronic surveillance in an unrelated matter. David Guidice, James Smith, and the unapprehended man arrived at the work site. The unapprehended man beat the victim with a baseball bat.

Defendants' challenge to the legal sufficiency of the evidence that the victim had not suffered physical impairment or substantial pain is without merit. This essentially is a jury question *(People v Rojas,* 61 NY2d 726, 727). The victim's testimony that he initially believed his arm was broken, that he suffered bruising, swelling, and prolonged pain, that he could not raise the arm, and temporarily was disabled from

performing his usual jobs, established the existence of both physical impairment and substantial pain, notwithstanding the lack of medical evidence (People v Pope, 174 AD2d 319, lv denied 78 NY2d 1079; People v Tejeda, 165 AD2d 683, affd 78 NY2d 936).

The introduction of direct evidence against Anthony Guidice defeats his claim that a circumstantial evidence instruction was required (see, People v Rumble, 45 NY2d 879). Nor was there a confrontation clause violation. We find that the redacted line sheets herein, used for the admissibility of the wiretap tapes, did not violate the hearsay rule because they qualified as business records under CPLR 4518. The statements of each declarant were introduced only against that declarant, with proper limiting instructions. To the extent that these statements were introduced as declarations against the declarant's penal interest (see, People v Brensic, 70 NY2d 9, 15), appropriate use of this hearsay evidence would not invoke the nontestifying defendants' confrontation rights (see, Ohio v Roberts, 448 US 56, 66). Moreover, the statements were not incriminating on their face, and we presume that the jury adhered to the court's limiting instructions (Richardson v Marsh, 481 US 200, 208, 211; People v Neal, 181 AD2d 584, lv denied 79 NY2d 1052). To whatever extent this evidence inferentially might have incriminated the respective codefendants, in view of the overwhelming evidence of guilt, impropriety, if any, was harmless beyond a reasonable doubt (People v Hamlin, 71 NY2d 750, 756; People v Latine, 151 AD2d 279, lv denied 74 NY2d 812).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kassal and Rubin, JJ.