■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN D. McCUMMINGS, JR., Appellant. [610 NYS2d 634] — Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 11, 1992, upon a verdict convicting defendant of the crime of assault in the second degree.

On January 10, 1991, a felony complaint was filed by the People charging defendant with the crime of assault in the second degree arising out of an altercation with a fellow inmate while defendant was confined in the Broome County Jail awaiting trial on an unrelated sexual abuse charge. On February 1, 1991 defendant was indicted for the assault, and on February 6, 1991 the People filed a statement of readiness for trial. On March 14, 1991, defendant was convicted of the crime of sexual abuse in the first degree. At that time defendant requested new counsel on the assault charge, and on April 23, 1991 County Court assigned new counsel. On October 21, 1991, County Court scheduled the instant case for trial on October 29, 1991. On the day of trial defendant sought an adjournment in order that a witness could be located; County Court adjourned the case to January 13, 1992, its next available trial date. Defendant was thereafter tried and convicted of assault in the second degree for which he was sentenced as a second felony offender to 2½ to 5 years' imprisonment.

On this appeal defendant contends that there should be a reversal because his statutory and constitutional rights to a speedy trial were violated. It appears from the record that in

August 1991 the People were experiencing difficulty locating the victim of the assault and did not locate him until one week prior to the scheduled trial date. Defendant argues that the People's inability to locate their witness in August 1991 demonstrates that they were not ready for trial at the time they filed their statement of readiness. We disagree. Present readiness for trial is established when the People file a valid accusatory instrument, where the defendant has been produced for trial on that instrument and where the People have complied with all proceedings required to be decided before the trial can commence (see, People v Caussade, 162 AD2d 4, 8, lv denied 76 NY2d 984). There are no allegations that the People in any way failed to comply with these prerequisites. Moreover, defendant has not demonstrated that the People's inability to locate their witness in August 1991 constituted an impediment to the trial's commencement on October 29, 1991 (see, People v McKenna, 76 NY2d 59, 64).

With regard to defendant's contention that his constitutional right to a speedy trial was violated, we note that the delay was not extensive and resulted from a combination of calendar congestion and his own request to locate a witness, that his pretrial incarceration was due to another sentence that he was serving (see, People v Davis, 197 AD2d 375) and that he has not demonstrated that he was prejudiced by the delay (see, People v Moss, 188 AD2d 620, lv denied 81 NY2d 890). Accordingly, we find neither a statutory nor constitutional violation of defendant's right to a speedy trial.

We find persuasive, however, defendant's contention that there was insufficient proof to establish the element of physical injury necessary to sustain his conviction for assault in the second degree. "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, the victim's attending physician found some swelling of the cheek and an abrasion on the right side of the victim's head. X rays of the victim's left wrist were unremarkable and the physician advised him to take Tylenol and Advil. The victim testified that he experienced headaches, had a pain in his wrist and that he still had problems with the wrist when the weather "gets real cold". This evidence of an unspecified degree of pain and a slight swelling on the right cheek falls short of the required objective level of proof to establish physical injury (see, Matter of Philip A., 49 NY2d 198; People v Brown, 187 AD2d 872, lv denied 81 NY2d 785; People v Marzano, 147 AD2d 752). The trial evidence was, however, sufficient to sustain a conviction of attempted assault in the

second degree and, inasmuch as attempted assault in the second degree is a lesser included offense of assault in the second degree, we reduce defendant's conviction to attempted assault in the second degree and remit the case to County Court for resentencing (see, CPL 470.15 [2] [a]; 1.20 [37]; see also, People v Rodriguez, 153 AD2d 961, lv denied 75 NY2d 817).

We have reviewed defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction to the crime of attempted assault in the second degree; matter remitted to the County Court of Broome County for resentencing; and, as so modified, affirmed.