■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CANCER, Appellant. [649 NYS2d 492] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered July 17, 1992 in Albany County, upon a verdict convicting defendant of the crimes of assault in the second degree, criminal mischief in the fourth degree, resisting arrest and obstructing governmental administration in the second degree.

On November 30, 1990, at approximately 7:17 P.M., Albany Police Detectives James Lyman and Kevin Breen responded to complaints of a disturbance at 94 Northern Boulevard in the City of Albany. When the police officers arrived, they were informed that there had been an altercation involving several people during which a man, later identified as defendant, kicked in the front door of an apartment at that location and then fled the scene with three companions in a white jeep. The officers received a radio report of the jeep's location and, accompanied by two witnesses, Dawn Walker and Yakema Tarver, drove to where the jeep was parked in order to have the witnesses identify the jeep and the men allegedly involved in the incident at 94 Northern Boulevard. Upon arriving, Lyman and Breen observed a large crowd of people around the area where the jeep was parked. After Walker exited the police vehicle and identified both the jeep and two of defendant's codefendants, the two officers attempted to move the crowd away from the jeep and onto the sidewalk.

At one point, Breen encountered a man, later identified as defendant, who was very hostile and agitated. Breen saw defendant point his finger in the direction of Tarver, who had exited the police vehicle, and heard defendant say, "I'm going to get [her]." Breen ordered defendant to get back; however, defendant ignored him and tried to push him aside. Breen then told defendant that he was under arrest. Defendant proceeded to swing Breen onto the back of a parked police car and punch him in the mouth. Defendant bent Breen over the back of the police car, climbed on top of him and began to choke Breen until Lyman was able to pull defendant away. Thereafter, in June 1991, an indictment was handed up charg-

ing defendant with assault in the second degree, criminal mischief in the fourth degree, obstructing governmental administration in the second degree and resisting arrest. Several of the other participants in the November 30, 1990 melee were also charged with various crimes and, following a joint trial, defendant was found guilty of all four charges. Defendant appeals.

Initially, we reject defendant's contention that the record evidence was insufficient to sustain a conviction for assault in the second degree.[1] Viewing the evidence in the light most favorable to the People, we conclude that "the People's proof sufficiently provided a valid line of reasoning and permissible inferences from which a jury could find guilt beyond a reasonable doubt" (*People v Page*, 225 AD2d 831, *lv denied* 88 NY2d 883; *see, People v Bleakley*, 69 NY2d 490, 495). Defendant argues that there is insufficient proof of "physical injury", which is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Generally, whether physical injury has been proved is a question for the trier of fact (*see, People v Guidice*, 83 NY2d 630, 636).

Here, Breen testified that as a result of the altercation, he received a cut lip, abrasions, "choke marks" around his throat, a scraped knee and severe back pain from being bent backward during the attack. Breen testified that he suffered substantial pain and muscle tightness for seven days as a result of these injuries, requiring him to take pain relievers and hot baths. Breen also indicated that he did not miss any days from work as a result of his injuries because he was not scheduled to work on the days following the incident.

While defendant maintains that this proof "falls short of the required objective level of proof to establish physical injury" (*People v McCummings*, 203 AD2d 656, 657), in our view, the evidence of Breen's injuries and resulting pain was sufficient to raise a jury question on the issue of physical injury (*see, People v Messier*, 191 AD2d 819, 820, *lv denied* 81 NY2d 1017; *People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886; *People v Fortuna*, 188 AD2d 683, 684, *lv denied* 81 NY2d 839; *People v Tellis*, 156 AD2d 260, 261, *lv denied* 76 NY2d 743). Furthermore, the jury was entitled to credit Breen's testimony as to the duration and degree of pain that he suffered (*see, People v Guidice, supra*, at 636; *cf., People v McCummings, supra*, at 657; *Matter of Scott QQ.*, 187 AD2d 867).

---

1. Defendant was charged here pursuant to Penal Law § 120.05 (3), which states that an individual is guilty of assault in the second degree when, "[w]ith intent to prevent a * * * police officer * * * from performing a lawful duty, he causes physical injury to such * * * police officer".

Defendant next argues that Supreme Court erred in allowing the jury to hear unduly prejudicial testimony from Walker during the People's direct case against defendant's mother, codefendant Sallie Cancer, on a charge of obstructing governmental administration in the second degree.[2] Specifically, Supreme Court allowed Walker to testify that sometime after November 30, 1990, she met Cancer outside of Police Court and Cancer asked her, "Can you say that another guy had kicked the door in instead of [defendant]? Because he's on parole, probation, and he will get violated or the state will pick it up." Supreme Court immediately instructed the jury that Walker's testimony could only be used and considered in the case against Cancer and not that of any other codefendant. According to defendant, this statement, while ostensibly implicating Cancer, unnecessarily prejudiced him by labeling him as a person with a past criminal record. The People argue that the challenged statement was entirely probative to the charges against Cancer and, since defendant never requested a severance in this joint trial, he should not complain about the introduction of evidence against his codefendants. Defendant, on the other hand, presents a persuasive argument that Supreme Court should have, at the minimum, redacted Walker's statement following defendant's complaint of prejudice so as to exclude any references to parole or probation (see, People v Cole, 186 AD2d 966, 966-967). Nevertheless, even assuming that any potential prejudice from the statement was not eliminated by Supreme Court's appropriate use of limiting instructions (see, People v Birdsall, 215 AD2d 878, 880, lvs denied 86 NY2d 840, 88 NY2d 933), we conclude that any error in allowing an unredacted statement in front of the jury was harmless given the overwhelming evidence of guilt against defendant (see, People v Crimmins, 36 NY2d 230).

Finally, we reject defendant's assertion that Supreme Court erred in denying his motion for a mistrial after Breen made a statement that defendant alleges implied that defendant made an admission against his interest to Breen. During trial, Breen testified that on the way to the police station he asked defendant why he hit him. However, before Breen could relay defendant's alleged reply, the prosecutor interrupted him and stopped him from saying anything further. Supreme Court denied defendant's motion for a mistrial and instructed the jury to disregard Breen's statement. While defendant maintains that the court abused its discretion, we cannot agree, especially since the jury did not hear defendant's alleged state-

2. Sallie Cancer was acquitted of this charge.

ment (*see, People v Birdsall, supra; People v Guidice,* 192 AD2d 383, 384, *affd* 83 NY2d 630, *supra*).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.