OPINION OF THE COURT
Mark D. Zuckerman, J.
The defendant in this matter, Robert Prato, was, ultimately, charged with two counts of assault in the third degree, one count of criminal mischief in the fourth degree, and one count of resisting arrest (Penal Law § 120.00 [1], [2]; §§ 145.00, 205.30, respectively). Each of these charges arose from the same incident, which transpired on August 9, 1996. Five other individuals (Cassino, Aviles, Marrone, Santiago, and Weglein) were charged with refusal to aid the police officer in his arrest of Mr. Prato at the time and place of that incident, pursuant to Penal Law § 195.10. However, their cases were ordered consolidated, with those five, defendants to be tried separately from Mr. Prato.
The jury trial of Mr. Prato concluded with his acquittal on both charges of assault, and his conviction of the crimes of criminal mischief in the fourth degree and resisting arrest. Sentencing having been adjourned to permit the submission of the present motion, counsel for the defendant now moves to set aside the guilty verdicts on two grounds: (1) that the prosecutor’s refusal at trial to grant immunity to potential defense witnesses (i.e., the above-listed defendants in the “refusal to aid” matter) constituted an abuse of discretion, and (2) that the People failed to turn over to the defense a statement given by prosecution witness Anthony Cassino to the police, thereby violating the Rosario rule. (People v Rosario, 9 NY2d 286.) The court now considers both bases for defendant’s motion for relief pursuant to CPL 330.30.
“A trial court’s power to set aside a verdict is ‘far more limited’ than that granted to an intermediate appellate court on direct appeal. (People v Carter, 63 NY2d 530, 536.)” (People v Ponnapula, 229 AD2d 257, 266.) “While * * * an appellate tribunal ha[s] the power to review the factual record to determine whether a verdict is supported by the weight of the evidence, it is well settled that trial courts sitting with juries, acting as judges of law but not facts, are not empowered under CPL 330.30 to vacate a verdict on the basis of their own assessment of the facts or the weight of the evidence (People v *560 Goodfriend, 64 NY2d 695, 697 * * *)” (People v Garcia, 237 AD2d 42, 48-49).
As to dismissal upon the first ground argued by the defense, the following is excerpted from its own motion papers: “Police Officer Peter Schultz specifically acknowledged under oath at the trial that he gave no * * * command [to come to the officer’s aid] to [the five codefendants in the ‘refusal to aid’ matter], He testified, in fact, that he signed the complaints under oath against each of the aforementioned individuals at the urging of a commanding officer. He provided this testimony during the People’s direct case. Also testifying in the People’s direct case was Anthony Cassino * * * Mr. Cassino, the People’s own witness, specifically stated that the police officer never called for help, and actually lied when he swore out the oaths against Cassino and the others, one of whom was not even in the office where the operative events occurred at the time they occurred.” (Affirmation of defendant’s attorney ¶ 5.) The papers continue: “Notwithstanding that all this testimony came in the People’s case, and notwithstanding that the prosecution’s later dismissal of the [refusal to aid] charges was based solely on that specific testimony at the trial, the People left the defense in the Prato trial unable to call Weglein, Aviles and Marrone as witnesses for the defense because they retained (solely at the prosecutor’s insistence) their Fifth (5th) Amendment privilege against self-incrimination. Yet, at that very time, the prosecutor already possessed all the information necessary to conclude, as he later did solely on that information, that he could not prove a case against them. Instead of hindering the ability of the defense to call them because of the privilege, he should have granted immunity then and there and allowed them to be called, or called them himself as he considered doing * * * rather than declining to grant them immunity respecting a charge that could not be proven in any case.” (Affirmation of defendant’s attorney ¶ 7.) Finally on this point, counsel states: “The particular circumstance in the case at bar is that the prosecutor temporarily allowed to stand a wholly unprovable charge against potential defense witnesses for the sole purpose of preventing their testimony. There simply cannot have been any other purpose given that the prosecutor already knew that no case could be proven against them * * * [0]ne can only conclude that the police arrested and charged them for the sole purpose of preventing them from being witnesses on the defendant’s behalf.” (Affirmation of defendant’s attorney ¶ 12.)
This court is not in accord with the proposition that only this one factual conclusion can be reached, and, “an interest of *561 justice rationale * * * is not a basis upon which a trial court can set aside a verdict.” (People v Ponnapula, supra, at 267.) “Thus, defendant’s conviction could be set aside at the trial level only on the basis of insufficient evidence or evidence which, as a matter of law, was inadequate to prove guilt beyond a reasonable doubt.” (People v Ponnapula, supra, at 267, citing People v Carter, supra, at 537.) On the strength of the People’s evidence, the jury found Mr. Prato guilty on two counts, despite cross-examination of two prosecution witnesses — Mr. Cassino and Officer Schultz — that appears to have succeeded in its attempt to cast doubt on their veracity and credibility as witnesses. Further, despite the fact that counsel for the defense clearly had the opportunity to speak with Messrs. Weglein, Aviles, and Marrone following the verdict, no description is given of the content of any testimony they would have offered at Mr. Prato’s trial had they been granted immunity. Accordingly, it is impossible to ascertain whether permitting the introduction of that evidence would have resulted in a verdict more favorable to the defendant, such that failure to admit it would constitute grounds for reversible error as a matter of law. Therefore, upon his first argument in support of setting aside the verdict, the defendant’s motion is denied.
The defendant’s second argument for setting aside the verdict is that the People’s failure to produce a statement of Mr. Cassino, given to the police shortly after the time of his arrest, represents failure to produce Rosario material, constituting per se reversible error pursuant to People v Ranghelle (69 NY2d 56). In response, the People argue that they “have no affirmative obligation to identify and obtain every statement made by a prosecution witness,” and that the People’s files “do not contain any such statement by Mr. Cassino.” The court need not address the prosecution’s position, as it concludes, based upon the following, that the Ranghelle case is not controlling in this instance.
Subsequent to its decision in People v Ranghelle (supra), the Court of Appeals revisited the subject in the 1997 case People v Machado (90 NY2d 187). In that case, the defendant brought a motion to vacate the judgment, pursuant to CPL 440.10. However, his motion presented a novel issue for decision by the Court of Appeals, in that the motion was made before the defendant had exhausted direct appeal. In her opinion, Chief Judge Kaye wrote:
“The price for the People’s failure to disclose prior statements of their own witnesses * * * became automatic reversal *562 of the conviction, a standard this Court has continued during the past two decades to apply to Rosario claims raised on direct appeal [citations omitted].
“In formulating these principles, which balanced the various societal and individual interests involved, the Court was guided solely by its own precedents, as a matter of common law. Although the Legislature codified the Rosario rule (CPL 240.45 [1] [a]), it prescribed no other standard of review.
“People v Jackson (78 NY2d 638), however, presented a different calculus * * * There, for the first time the Court was faced with the task of harmonizing the common-law Rosario rule with a statute, the enactment of a coequal branch of government * * *
“As determined in Jackson, the controlling statute is CPL 440.10 (1) (f), which provides that a judgment may be vacated on the ground that the conduct at issue is ‘improper and prejudicial.’ Thus, the Court observed, the statute explicitly affords a remedy only if the defendant can demonstrate prejudice * * * Agreeing with the Legislature that [society’s] interest [in the finality of judgments] was ‘formidable,’ and concluding that fairness to defendants would not be unduly compromised by an inquiry into prejudice, we refused to ‘eviscerate the language of CPL 440.10 (1) (f)’ and held that a prejudice standard — not a per se rule — was applicable to Rosario violations raised by postappeal CPL 440.10 motions (People v Jackson * * * supra).
“The issue before us concededly presents yet another balance of factors, and neither party offers a wholly satisfactory answer as to where the line should be drawn. We are persuaded, however, that the better course is to apply Jackson: Rosario claims raised by way of CPL 440.10 motions made before direct appeal is exhausted should be rejected unless. the violation prejudiced defendant.” (People v Machado, supra, at 191-192 [emphasis added].)
In contrast to Machado (supra), defendant Prato’s motion is premised not upon CPL 440.10, but rather upon CPL 330.30, which applies to cases in which the defendant is seeking to set aside a guilty verdict rendered by the jury. The only portion of CPL 330.30 applicable to the present proceeding states the_fol-lowing:
“At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon the following ground [ ]:
*563 “1. Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.”
Later (i.e., post-Machado) cases in the Second Department do not appear to address the issue of reversibility under these present procedural and substantive circumstances, nor has the Court of Appeals elaborated on the Rosario rules in that context. However, in the 1997 Supplementary Practice Commentaries, Professor Preiser states as follows:
“Note however that there still is an open question as to whether the per se rule will apply where the Rosario material comes to light and a motion is made at some time after the jury retires but before sentence is imposed. There are two aspects to be considered here: (a) before verdict; and (b) after verdict. In the case of a post verdict claim, the logical statutory vehicle would be a motion to set aside the verdict (see CPL § 330.30). There is however no direct Court of Appeals authority to support use of the motion in that context * * *
“It appears that the basic problem with the application of CPL § 330.30 to claim a per se reversible error — as opposed to a claim that the Rosario material is new evidence, for which a degree of prejudice greater than the Vilardi standard would have to be shown (see § 330.30 [3]) — is that the only subdivision reasonably applicable requires the ground for the motion to appear on the record (subd. 1) * * * Judge Titone himself took issue with the practice of expanding the record on appeal * * * to include matter raised under the present section’s post judgment motion in his dissent in the Jackson case (this was noted as a problem with the now rejected Jackson dictum in the Practice Commentary in the main volume [see pages 441-442]). The use of material submitted on a post verdict motion would seem even more objectionable, as it is a direct expansion of the record * * *
“Wholly apart from this, one cannot help but wonder why, if the reasonable possibility standard can be sufficient to properly ‘safeguard [ ] both the interest in fairness to the defendants and the interest in assuring the People’s careful discharge of their disclosure obligation’ (People v Machado, supra, 90 N.Y.2d at 193), that standard should not be applied in lieu of the punitive per se standard to determine any Rosario based motion made after the jury has retired. As the Court has noted, the per se rule, even on direct appeal[,] is a fairly recent idea (id., at 191). Indeed it was first squarely applied only eleven years *564 ago (see Practice Commentary for CPL § 240.45 at pages 287-288).” (Preiser, 1997 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.10, 1999 Pocket Part, at 96-97.)
This court finds Professor Preiser’s argument persuasive. In view of that commentary and the language of the Machado case (supra), the court concludes that it, as the trial court, does not possess the requisite authority under CPL 330.30 to vacate the verdict against Mr. Prato, and, accordingly, his motion is denied.