■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE R. THOMAS, Appellant. [711 NYS2d 563] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 7, 1999, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

As a result of allegations that he struck two individuals with a baseball bat during separate altercations outside a bar in the early morning hours of September 27, 1998, two indictments, later consolidated for trial, were handed up against defendant charging him with assault in the second degree pursuant to Penal Law § 120.05 (2). The first indictment accused defendant of assaulting Brett Corkins outside the bar and the second accused him of assaulting Chris McDonald. Found guilty as charged following a jury trial, defendant appeals.

In order to establish assault in the second degree, the evidence must show that a defendant, "[w]ith intent to cause physical injury to another person * * * causes such injury to such person * * * by means of * * * a dangerous instrument" (Penal Law § 120.05 [2]). Defendant urges that there was legally insufficient evidence to support each assault conviction, namely, he claims that the People failed to establish that Corkins suffered a physical injury or that his conduct was a sufficiently direct cause of McDonald's injuries. We agree with the former contention only.

In concluding that the evidence is legally insufficient to support the jury's finding that Corkins suffered a physical injury, we note that physical injury is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The proof on the assault charge with respect to Corkins consisted of testimony that defendant, reaching over another person, succeeded in striking Corkins once on the neck. Corkins only sought medical attention at the direction of police and described his injury as being a red, swollen and stiff neck. When asked if he was in pain immediately following the incident, Corkins testified that he was in "some" pain. When asked if he was in pain during the three to four-day period fol-

lowing the incident, he similarly testified that he experienced "some" pain. Notably, although his neck was sore and tender, he candidly admitted that "it wasn't that bad".

Corkins had no trouble driving after the incident, lost no time from work and none of his activities were curtailed. On cross-examination, he acknowledged that, with the exception of being "somewhat sore", the injury did not affect his life. In our view, this evidence falls short of the required objective level of proof sufficient to prove physical injury under Penal Law § 10.00 (9) (*see*, *People v McCummings*, 203 AD2d 656; *People v Velasquez*, 202 AD2d 1037, *lv denied* 83 NY2d 1008; *People v Brown*, 187 AD2d 872, *lv denied* 81 NY2d 785; *People v Marzano*, 147 AD2d 752, 753; *cf.*, *People v Travis*, 273 AD2d 544; *People v Cancer*, 232 AD2d 875, *lv denied* 89 NY2d 984).

We next address the legal sufficiency of the assault conviction pertaining to McDonald. To be sure, defendant does not contest the physical injury element of this charge. Rather, he claims that there was insufficient evidence that his conduct caused the injury, relying primarily on *People v Darrow* (260 AD2d 928). Specifically, defendant claims that there was a "probability" that McDonald's head injuries were caused by being struck with a bottle. Unlike *People v Darrow*, which involved a hypoxic injury to the victim which could not be medically attributable to any one of multiple blows inflicted by two different actors, there was sufficient evidence before the jury in this case which, if believed, established that defendant's actions were the direct and sole cause of McDonald's injuries (*compare*, *People v Torres*, 267 AD2d 715; *People v Alvarado*, 262 AD2d 710). Nor is this a case where *no one* identified defendant as inflicting an injury on McDonald (*compare*, *People v King*, 265 AD2d 678, *lv denied* 94 NY2d 904).

At trial, McDonald testified that he was hit on the back of the head while descending the steps of the bar. This prompted him to immediately turn around, at which time he was struck two more times. He did not know who hit him or what he was struck with. Two of McDonald's companions, however, who were waiting for him outside the bar and had a close and unobstructed view of the incident, testified that defendant hit McDonald twice with a baseball bat as he exited the bar. One of these witnesses specifically testified that "[w]hen he got hit [by the bat], he got cut" and, upon viewing pictures depicting McDonald's head injuries, confirmed that the location of same coincided with where she saw defendant strike his head.

Defendant's brother testified on his behalf at trial. In addition to denying that defendant hit Corkins with a bat that

morning—testimony which was seriously contradicted by other witnesses and obviously disregarded by the jury—he claimed that McDonald was injured after being hit in the head by an unknown person with a bottle. Defendant's brother also denied seeing defendant strike McDonald with a bat and further denied that defendant even had a bat in his possession that morning—a fact contradicted by numerous witnesses at trial including their own sister. Viewing the evidence in a light most favorable to the People, we find that there is a valid line of reasoning and permissible inferences which could lead the jury to conclude that the People established beyond a reasonable doubt that *defendant's* conduct indeed caused the injuries to McDonald (*see, People v Bleakley*, 69 NY2d 490, 495; *see also*, CPL 70.10 [1]). Moreover, upon the exercise of our factual review power (*see*, CPL 470.15 [5]; *see also, People v Bleakley, supra*), we likewise find that the verdict on this count is not against the weight of the evidence.

Defendant's remaining contentions are either unpreserved for this Court's review or meritless.

Mercure, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction pertaining to Brett Corkins to the crime of attempted assault in the second degree; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.