OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
*529 Defendant contends that contradictory statements of the People’s witnesses deprived him of a fair trial. Such inconsistencies, however, were brought out before the jury and, therefore, merely raised questions of credibility which were duly considered by that jury (People v Collins, 188 AD2d 608, 609). Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions of fact to be determined by the trier of fact, which saw and heard the witnesses (People v Gaimari, 176 NY 84, 94). The jury’s determination is to be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).
Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that the evidence adduced at trial would “lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged” (People v Bleakley, 69 NY2d 490, 495). Accordingly, we find that the verdict convicting defendant of criminal mischief in the fourth degree and resisting arrest is not against the weight of the evidence (CPL 470.15) and guilt was proven beyond a reasonable doubt.
The remaining issue has not been preserved for appellate review and, in any event, we find that the People could properly refuse to grant immunity to certain proposed witnesses (CPL 50.30; People v Chin, 67 NY2d 22; People v Adams, 53 NY2d 241).
DiPaola, P. J., Floyd and Palella, JJ., concur.