■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COLANTONIO, Appellant. [715 NYS2d 764] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 22, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts), resisting arrest, burglary in the second degree and criminal possession of a weapon in the third degree.

When two parole officers, with the assistance of several police officers, attempted to arrest defendant pursuant to a parole violation warrant at a building in the City of Cohoes, Albany County, defendant fled and absconded to the attic. As the parole officers attempted to access the attic through a hatchway, defendant attacked them with a heavy steel rod, which was 10 feet long and one inch in diameter, repeatedly stabbing at them through the opening. After being struck several times, the parole officers were able to grab the rod and pull it from defendant's grasp. Defendant thereafter fled to the roof from which he was able to enter a neighboring building where he forced his way into an apartment and directed three frightened adults and a child to leave. Although defendant locked the door to the apartment after the inhabitants left and armed himself with two steak knives, he ultimately surrendered without further struggle.

After the People provided timely written notice that the case would be presented to the Grand Jury, defendant advised assigned counsel that he did not wish to testify and requested that he not be brought from the jail to the courthouse when the case was presented. Nevertheless, on the day the case was presented to the Grand Jury, defendant called assigned counsel's office and stated that he wished to testify. When defendant's counsel learned of defendant's request, he told the

prosecutor who informed him that the Grand Jury was already in the process of voting. After defendant was arraigned on an indictment charging him with two counts of assault in the second degree, resisting arrest, burglary in the second degree and criminal possession of a weapon in the third degree, defendant moved to dismiss the indictment, alleging that he had been deprived of his right to testify before the Grand Jury. County Court denied the motion and, following a jury trial, defendant was convicted of all counts. He was sentenced as a persistent violent felony offender to concurrent, indeterminate prison terms of 20 years to life on the burglary count, 15 years to life on each of the assault counts, one year on the resisting arrest count, and 15 years to life on the weapon count. Defendant now appeals.

We reject defendant's claim that he was denied the right to testify before the Grand Jury. "The burden rests on the parties to protect their own rights by asserting them at the time and in the manner that the Legislature prescribes" (*People v Lawrence*, 64 NY2d 200, 207). Although CPL 190.50 (5) (a) allows a potential indictee to serve notice of his or her intention to testify before the Grand Jury anytime prior to the filing of the indictment (*see, People v Evans*, 79 NY2d 407, 413-414; *but see, People v Welsh*, 124 AD2d 301, 302-303), the statute expressly requires written notice containing specific information (*see, People v Yagunoff*, 266 AD2d 723, 724-725, *lv denied* 94 NY2d 886). The last-minute oral notice indicating that defendant had apparently changed his mind about testifying was insufficient to meet this requirement (*see, People v Green*, 187 AD2d 528, *lv denied* 81 NY2d 840; *People v Harris*, 150 AD2d 723, 724). While the People could have waived the statutory written notice requirement (*see, People v Young*, 138 AD2d 764, 765, *lv denied* 72 NY2d 868), they did not do so in this case. We conclude, therefore, that defendant failed to preserve his right to testify before the Grand Jury.

Defendant next contends that the evidence was legally insufficient to support the assault charges and that the verdict on those charges was against the weight of the evidence. In particular, defendant contends that neither parole officer sustained the physical injury necessary to establish assault in the second degree (*see*, Penal Law § 120.05 [3]). Physical injury is defined as the impairment of physical condition or substantial pain (*see*, Penal Law § 10.00 [9]). "[I]t is clear from the inclusion of the word 'substantial' in the Penal Law definition that the Legislature did not intend a wholly subjective criterion to govern" (*Matter of Philip A.*, 49 NY2d 198, 200). Moreover, while

the question of whether the victim of an assault has sustained physical injury is generally a question of fact, with the victim's subjective reaction a relevant factor, "there is an objective level * * * below which the question is one of law" (*id.*, at 200), and "the mere parroting of statutory language will not suffice" (*Matter of Shane E.*, 255 AD2d 674, 675). The only evidence of the injuries sustained by Parole Officer Joseph Ingemie was his own testimony that he received a "very substantial" blow to the chest which "hurt a lot" and caused him to lose his balance. Ingemie apparently sustained bruising from the blow but admitted that it did not interfere with his ability to continue with his immediate efforts to apprehend defendant.

In view of the absence of any additional evidence establishing a sufficient degree of pain or physical consequences, we conclude that the evidence fell short of the required objective level of proof to establish physical injury to Ingemie (*see,* Penal Law § 10.00 [9]; *compare, People v Thomas,* 274 AD2d 761; *People v McCummings,* 203 AD2d 656; *People v Marzano,* 147 AD2d 752, *with People v Holloway,* 261 AD2d 658, *lv denied* 93 NY2d 972; *People v Brown,* 243 AD2d 749; *People v Cancer,* 232 AD2d 875, *lv denied* 89 NY2d 984). The evidence was, however, sufficient to sustain a conviction of attempted assault in the second degree, a lesser included offense of assault in the second degree and, therefore, pursuant to CPL 470.15 (2) (a), we reduce defendant's conviction on count one of the indictment from assault in the second degree to attempted assault in the second degree and remit the matter for resentencing on that count (*see, People v McCummings, supra,* at 657-658; *see also, People v Darrow,* 260 AD2d 928, 930-931).

We reach a contrary conclusion, however, with respect to the sufficiency of proof that Parole Officer Neil Dwyer suffered physical injury. Dwyer testified that defendant repeatedly struck him with the steel rod, at one point jabbing it into his right eye socket such that he "almost lost [his] eyeball," and that he sustained painful blows as well as bruises to his chest and shoulders. According to Dwyer, the blow to the eye caused a laceration or abrasion in the eye socket in addition to swelling and substantial pain which was corroborated by Ingemie's testimony. Defendant's use of the heavy metal rod to strike and stab Dwyer in a particularly vulnerable part of his body certainly constituted more than petty slaps, kicks or shoves (*compare, People v Guidice,* 83 NY2d 630, *with Matter of Philip A., supra*). We conclude that the foregoing evidence provided legally sufficient evidence of physical injury as contemplated by Penal Law § 120.05 (3), and that the verdict on that charge

was not against the weight of the evidence (*see, People v Guidice, supra,* at 636; *People v Chesebro,* 94 AD2d 897).

With regard to defendant's contention that his sentence of 20 years to life on the burglary in the second degree conviction is harsh and excessive, the sentence was within the statutory guidelines for a persistent violent felony offender (*see,* Penal Law § 70.08 [3] [b]) and, taking into account defendant's criminal history and the threatening circumstances of defendant's invasion of the victim's residence, we see no abuse of discretion or extraordinary circumstances which would provide a basis to disturb this sentence (*see, People v Bell,* 249 AD2d 777, 780, *lv denied* 92 NY2d 922). We have considered the additional arguments raised by defendant in his *pro se* brief and find they are lacking in merit.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing defendant's conviction of the crime of assault in the second degree as described in count 1 of the indictment to the crime of attempted assault in the second degree; matter remitted to the County Court of Albany County for resentencing on said count; and, as so modified, affirmed.