■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HAWKINS, Appellant. [736 NYS2d 775] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered June 23, 2000, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

After withdrawing his plea to a lesser charge, defendant was tried and convicted of the charge of assault in the second degree for his attack on Michael Lattimore while the two were jail inmates. His subsequent motion for dismissal, which County Court also treated as a motion to set aside the verdict under CPL 330.30, was granted and his conviction was modified to attempted assault in the second degree. To obtain this modification, however, defendant agreed to waive his right to appeal, inter alia, the legal sufficiency of the trial evidence regarding Lattimore's injuries. County Court then sentenced defendant to a prison term of 2 to 4 years running consecutively to an existing sentence. Defendant now appeals.

Although we conclude that the trial evidence was insufficient to support defendant's original conviction and that County Court improperly conditioned modification of his conviction on waiver of his right to appeal, we nevertheless affirm. While a reasonable bargain can be conditioned on waiver of the right to appeal the legal sufficiency of evidence (*see, People v Muniz*, 91 NY2d 570, 573; *People v Simms*, 269 AD2d 788, 788, *lv denied* 94 NY2d 952), the reviewing court must examine the bargain's appropriateness under the circumstances and its "effect on the

integrity of the judicial process" before enforcing the accompanying waiver (*People v Holman*, 89 NY2d 876, 878; *see, People v Muniz, supra* at 573). Here, despite its lengthy colloquy during which the bargain was explained to and accepted by defendant, County Court improperly decided to modify the conviction based on the "facts and circumstances at trial" and in the "interest of justice," rather than on the insufficiency of the trial evidence (*see*, CPL 330.30; *People v Patino*, 259 AD2d 502, *lv denied* 93 NY2d 976; *People v Ponnapula*, 229 AD2d 257, 266-267; *People v Prato*, 182 Misc 2d 558, 560-561, *affd* 186 Misc 2d 528). For this reason, and to preserve the integrity of the judicial process (*see, People v Muniz, supra* at 573; *People v Holman, supra* at 878), we decline to enforce defendant's waiver and will review the legal sufficiency of the trial evidence.

Upon our review, we find the evidence insufficient to prove, beyond a reasonable doubt, that defendant caused a physical injury, an element necessary to his conviction of assault in the second degree (*see*, Penal Law § 10.00 [9]; § 120.05 [7]). Here, the victim testified that although he had been first punched by defendant, he blacked out while he was restraining defendant as the result of one or more blows struck by another inmate, Deryl Thompson. Where an injury results from blows inflicted by two different actors, the prosecution must produce legally sufficient evidence that " 'the defendant's actions [were] *a sufficiently direct cause * * *'* " of the victim's physical injury (*People v Stewart*, 40 NY2d 692, 697, quoting *People v Kibbe*, 35 NY2d 407, 413 [emphasis in original]; *see, People v Thomas*, 274 AD2d 761, 762, *lv denied* 95 NY2d 939; *People v Darrow*, 260 AD2d 928, 929). The only evidence offered here to connect defendant to the injuries observed when Lattimore was treated in the emergency room was the testimony of security captain Frank Martin to the effect that defendant had nodded "yes" when a group of inmates was asked if any of them knew what happened or who did it, and defendant had a "fresh cut" on his right hand. This was not evidence from which a jury could conclude that defendant was the individual who caused Lattimore's physical injuries (*see, People v Colantonio*, 277 AD2d 498, 499-500, *lv denied* 96 NY2d 781; *People v Thomas, supra* at 761-762, *People v King*, 265 AD2d 678, 680, *lv denied* 94 NY2d 904; *People v Darrow, supra* at 929-930). However, we do find the evidence to be legally sufficient to support defendant's conviction of the lesser included offense of attempted assault in the second degree, a charge that does not require proof of physical injury (*see, People v Colantonio, supra* at 500).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.