OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
A jury found defendant guilty of assault in the second degree. At sentencing, pursuant to CPL 330.30 (1), County Court reconsidered defendant’s CPL 290.10 motion for a trial order of dismissal. Instead of assessing the legal sufficiency of the trial evidence in support of the verdict, County Court set aside the conviction and entered a judgment for the lesser included offense of attempted assault in the second degree “in the interest of justice,” conditioning this modification on defendant’s written waiver of the right to appeal.
As the Appellate Division determined and the People concede on appeal, defendant’s waiver of the right to appeal was invalid under these circumstances. In addressing the CPL 330.30 (1) application, County Court lacked interest of justice jurisdiction to reduce the conviction (see People v Carter, 63 NY2d 530, 536 [1984]) and it was therefore error to exercise such jurisdiction in exchange for defendant’s waiver of his appellate rights. We further note that the written waiver form, signed by defendant and his counsel, did not conform to the *594 facts of this case since it stated that defendant was pleading guilty when, in fact, the conviction was based on a jury verdict.
After vacating defendant’s waiver of appeal, the Appellate Division considered defendant’s legal insufficiency argument on the merits. Although the trial court found the proof of physical injury adequate to sustain the assault charge, the Appellate Division held otherwise, finding the evidence insufficient to support the jury verdict. We concur with the Appellate Division’s conclusion that the proof was sufficient to support defendant’s conviction of the lesser included offense of attempted assault in the second degree. Because CPL 470.15 (2) (a) authorizes an appellate court to modify a judgment by reducing a conviction to a lesser included offense if it determines the evidence is insufficient to support a conviction for the greater offense but sufficient to establish defendant’s guilt of the lesser (see People v Dlugash, 41 NY2d 725, 737-738 [1977]), the Appellate Division’s corrective action in this case— affirming the judgment convicting defendant of the lesser offense — was appropriate.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur.
Order affirmed in a memorandum.