(July 31, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BRODUS, Appellant. [763 NYS2d 363] —Mercure, J.P. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered November 6, 2000, upon a verdict convicting defendant of the crimes of assault in the second degree, hindering prosecution in the second degree and resisting arrest, and (2) by permission, from an order of said court, entered August 7, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On March 25, 2000, two undercover police officers, Dennis Redner and Jack Collins, conducted a buy-and-bust operation in the City of Binghamton, Broome County. The officers saw Loretta Holmes and defendant approach vehicles pulled off to the side of the road. The officers pulled behind the other vehicles and, when defendant and Holmes approached, Redner asked Holmes if she could get him cocaine. Redner then exited the vehicle and followed Holmes to a different location where she received cocaine from another individual and gave it to Redner in exchange for $40. After Redner and Holmes returned to the undercover police vehicle, a fight ensued between them because the officers refused to give Holmes a ride. The officers identified themselves as police officers and Redner told Holmes that she was under arrest. Defendant then punched Redner in the face and head with a closed fist several times. Redner struggled with defendant until police backup arrived and defendant was arrested.

A grand jury thereafter indicted defendant for the crimes of assault in the second degree, hindering prosecution in the second degree and resisting arrest. After a jury trial, defendant was convicted of all charges and sentenced in November 2000, as a second felony offender, to a determinate prison term of five years on the assault conviction and concurrent lesser sentences on the other convictions. In May 2001, defendant moved pro se, pursuant to CPL 440.10, to vacate the judgment of conviction based upon prosecutorial and judicial misconduct and upon the ground that he was denied the effective assistance of counsel. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction

and, by permission of this Court, from the order denying his CPL 440.10 motion.*

Initially, defendant argues that the People failed to present legally sufficient evidence to sustain his conviction of the crime of assault in the second degree. We disagree. As defendant asserts, proof of " '[p]hysical injury,' " defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]), was required to establish the assault charge here (*see* Penal Law § 120.05 [3]). Redner testified that after defendant punched him with a closed fist five or six times in the face and head, his left eye was swollen and it remained bruised for three weeks. Redner also indicated that a blood vessel in the corner of his eye ruptured and he suffered substantial pain. Police officers who observed Redner after the incident testified that Redner had scrapes, cuts, a welt or bruise under his left eye and a lump on the left side of his head. We conclude that this evidence did not fall short of the required objective level of proof and is sufficient to sustain the conviction (*see People v Taylor*, 276 AD2d 933, 935 [2000], *lv denied* 96 NY2d 788 [2001]; *People v Scott*, 162 AD2d 479, 479 [1990], *lv denied* 76 NY2d 865 [1990]; *cf. People v Colantonio*, 277 AD2d 498, 500 [2000], *lv denied* 96 NY2d 781 [2001]; *People v Thomas*, 274 AD2d 761, 761-762 [2000], *lv denied* 95 NY2d 939 [2000]). Contrary to defendant's assertion, the fact that Redner did not seek medical treatment does not compel a different result (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

We further reject defendant's argument that his sentence was harsh and excessive. As we have previously explained, " '[w]here a sentence is in the permissible range contemplated for the crime, we will not disturb it absent an abuse of discretion by the sentencing court or the existence of extraordinary circumstances warranting our intervention' " (*People v Hawes*, 298 AD2d 706, 709 [2002], *lv denied* 99 NY2d 582 [2003], quoting *People v Britt*, 283 AD2d 778, 781 [2001], *lv denied* 96 NY2d 916 [2001]). Neither is present here. Defendant's remaining argument—that the evidence is legally insufficient to sustain his conviction of hindering prosecution in the second degree because the People failed to prove that Holmes's crimi-

---

* Defendant's pro se affidavit in opposition addresses only one of the issues raised on his CPL 440.10 motion and, thus, we deem the remaining issues to be abandoned (*see Fraser v Fraser*, 295 AD2d 864, 865 n [2002]). The sole issue raised is whether County Court erred in denying defendant's request to charge resisting arrest as a lesser included offense to the hindering prosecution charge. Inasmuch as the record contained sufficient facts to permit defendant to have raised this issue on his direct appeal, a CPL 440.10 motion addressing that issue will not lie (*see* CPL 440.10 [2] [b]).

nal sale of a controlled substance in the third degree consti-
tuted a class B felony—is unpreserved. Moreover, if we were to
address this argument, we would find it to be meritless
inasmuch as our review of the record indicates that the People
established that Holmes committed all elements of criminal
sale of a controlled substance in the third degree, a class B
felony (*see* Penal Law § 220.39; *see also People v Chico*, 90
NY2d 585, 588 [1997]).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur.
Ordered that the judgment and order are affirmed.