■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKOLAUS KOUFOMICHALIS, Appellant. [768 NYS2d 246]—

Mercure, J.P. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered January 8, 1996, upon a verdict convicting defendant of the crimes of assault in the second degree, attempted assault in the second degree (three counts), assault in the third degree (two counts), attempted assault in the third degree (three counts), torturing and injuring animals (four counts), menacing in the second degree (six counts), coercion in the first degree (two counts), criminal mischief in the fourth degree, falsely reporting an incident in the third degree, criminal possession of a weapon in the third degree (three counts), petit larceny and endangering the welfare of a child (two counts).

Defendant was charged in a 36-count indictment with a number of crimes arising out of his abuse of the victim, her children and the family pet. Following trial, he was convicted of 29 crimes. County Court then sentenced defendant, as a persis-

tent felony offender, to nine concurrent prison terms of 25 years to life based upon his convictions of the crimes of assault in the second degree, attempted assault in the second degree (three counts), coercion in the first degree (two counts) and criminal possession of a weapon in the third degree (three counts), with lesser sentences imposed upon his misdemeanor convictions to be served consecutively to each other but concurrently to the sentences imposed upon the felony convictions. Defendant appeals and we now affirm.

As an initial matter, we reject defendant's argument that the evidence adduced at trial was insufficient to support his three convictions of attempted assault in the second degree. A defendant is guilty of attempted assault in the second degree when, "[w]ith intent to cause serious physical injury to another person" (Penal Law § 120.05 [1]), he or she "engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Accordingly, neither evidence of serious physical injury nor physical injury is required (*see People v Hawkins*, 290 AD2d 812, 813 [2002], *affd* 99 NY2d 592 [2003]).

Here, with respect to the first conviction of attempted assault in the second degree, the victim testified that in January 1995, defendant shoved her, causing her arm to go through a wall. The victim stated that she suffered substantial pain and swelling, had to wear a cast for four or five days and could not move her pinkie finger for the next five weeks. On the second conviction, the victim asserted that defendant kicked her and stomped on her legs as she lay on the floor, bruising her and rendering her unable to walk for several weeks. Finally, regarding the third conviction, the victim testified to an incident where defendant kicked her in the head, shoved her onto a bed, hung her head over the foot railing of the bed and pushed down on her neck with his foot until she could not breathe, choked her with his hands, and threw her by her hair into the corner of a room. As a result of this incident, the victim was unable to talk or breathe normally. In addition, she was unable to eat solid foods for a period of six weeks. Given this testimony, we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial . . . and as a matter of law satisfy the proof and burden requirements for every element" of attempted assault in the second degree (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Hawkins, supra* at 813; *People v Colantonio*, 277 AD2d 498, 499-500 [2000], *lv denied* 96 NY2d 781 [2001]).

Defendant further argues that he was denied the effective as-

sistance of counsel, claiming that he was prejudiced by trial counsel's failure to timely file a notice of alibi. As defendant asserts, a "failure to file an alibi notice may be considered ineffective assistance of counsel if it precludes a viable alibi defense" (*People v Watson*, 269 AD2d 755, 756 [2000], *lv denied* 95 NY2d 806 [2000]). In the instant case, defendant maintains that his alibi witnesses would have testified that he was with Curtis Gregory, Penny Gregory and Dave Turan or in New Jersey during the time that the offenses allegedly occurred. The record reveals, however, that those three alibi witnesses were permitted to testify at trial and that defendant's mother, father and brother testified regarding defendant's visits to New Jersey during the relevant time period. Accordingly, we cannot say that the failure to timely file a notice of alibi precluded any defense or constituted ineffective assistance of counsel. With respect to defendant's challenge to counsel's trial strategy, including counsel's agreement to the submission of lesser included offenses to the jury, we need only observe that "[m]eaningful representation does not equate to perfect representation and, as a consequence, posttrial disagreement with strategies or tactics adopted by counsel will not suffice to establish the requisite deprivation" (*People v Gilliam*, 300 AD2d 701, 701 [2002], *lv denied* 99 NY2d 628 [2003] [citation omitted]).

Similarly unavailing is defendant's contention that he should be granted a new trial because no transcript is available of the September 14, 1995 proceeding before County Court, during which, as relevant here, he consented to the assignment of counsel. Judiciary Law § 295 "requires that full stenographic notes be taken of *all trial proceedings* and, on request of counsel during a jury trial, 'each and every remark or comment of [the] judge . . . and every exception taken to any such ruling [or] decision' must be recorded" (*People v Harrison*, 85 NY2d 794, 796 [1995], quoting Judiciary Law § 295 [emphasis added, alteration in *Harrison*]). We conclude that the September 14, 1995 proceeding was not a trial proceeding within the meaning of the statute and, thus, reversal is not required here (*see Stevenson v City of Rome*, 237 AD2d 946 [1997], *appeal dismissed* 90 NY2d 844 [1997]; *cf. People v Harrison*, *supra* at 797-798).

We have reviewed defendant's remaining contentions, including his argument that the indictment should be dismissed for insufficient evidence, and conclude that they are either not reviewable (*see* CPL 210.30 [6]) or meritless.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.