(January 29, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN AUCTER, Appellant. — Judgment unanimously affirmed. Memorandum: In our view, the court's instruction on the issue of identification was sufficiently detailed to enable the jury to apply the correct rules of law. In any event, defendant did not properly take exception to the charge on identification (see *People v Whalen,* 59 NY2d 273, 280). Moreover, the victim's identification of defendant was not the sole evidence connecting defendant with the commission of the crime but merely a part of the overwhelming case against him. (Appeal from judgment of Monroe County Court, Cornelius, J. — burglary, first degree, and other charges.) Present — Dillon, P. J., Callahan, Green and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE QUA REDMAN, Appellant. — Judgment unanimously reversed, on the law, motion to suppress statement made on March 12, 1979 granted and new trial granted. Memorandum: The trial court erred in failing to suppress an incriminating statement made by defendant on March 12, 1979 which implicated him in a murder, since the statement was obtained in violation of his constitutional right to counsel (see *People v Rogers,* 48 NY2d 167). The police officer who interrogated defendant on the murder charge was aware of an unrelated charge of criminal possession of stolen property pending against defendant, in which defendant was in fact represented by court-assigned counsel. When an interrogating officer has actual knowledge that there are unrelated charges pending against a suspect he has a duty to inquire whether the suspect is actually represented by counsel on those charges. If the suspect is in fact represented by counsel on the unrelated charge he may not be questioned in the absence of counsel. Absent such inquiry the officer is charged with what the inquiry would have revealed (*People v Fuschino,* 59 NY2d 91; *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225; *People v Kazmarick,* 52 NY2d 322). Although *People v Rogers (supra)* had not been decided when the defendant was interrogated, the rule applies here and, therefore, the judgment of conviction must be reversed (see, e.g., *People v Miller,* 54 NY2d 616; *People v Bartolomeo,* 53 NY2d 225, *supra*). (Appeal from judgment of Oswego County Court, Sullivan, Jr., J. — murder, second degree.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.