■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ALI, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 28, 1987, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted for assault in the second degree for an incident in which hot water was thrown on another inmate at Elmira Correctional Facility in Chemung County. The indictment did not allege that defendant was incarcerated, but an attachment to the indictment did. After defendant was arraigned, he moved to dismiss the indictment based upon insufficient evidence before the Grand Jury and failure of the indictment to allege defendant's confinement in the correctional facility. County Court reserved decision on the motion and, thereafter, pretrial Sandoval and Huntley hearings were held. The court determined that questioning about three of defendant's prior convictions would be permitted and that

inculpatory statements to Sergeant Richard Kimber were inadmissible but statements to Investigator Joseph Holly were admissible.

After the jury was selected, the prosecution moved to amend the attachment to the indictment so that defendant's predicate conviction as required under the charged crime was for criminal possession of stolen property in the second degree rather than criminal possession of a controlled substance in the second degree. The motion was granted. Defense counsel then renewed the motion to dismiss the indictment for failure to allege defendant's confinement and insufficiency of the Grand Jury evidence. The motion was denied. After trial, defendant was convicted and sentenced to 3 to 6 years in prison, consecutive to the term he was then serving. This appeal followed.

County Court was correct in not dismissing the indictment upon the grounds that it was defective in form or that the evidence before the Grand Jury was legally insufficient to establish the crime charged. First, while it is true that a defendant's confinement in a correctional facility is an element of assault in the second degree under Penal Law § 120.05 (7), it is also true, "When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction" (CPL 200.60 [1]). Thus, the prosecution could not allege in the indictment defendant's presence in the correctional facility *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.60, at 516).

Next, CPL 210.30 (6) provides, "The validity of an order denying any motion [to dismiss an indictment for insufficient evidence before the Grand Jury] is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence." Since defendant does not challenge the sufficiency of the trial evidence, and defendant was convicted, any error is beyond the scope of our permissible review. We note that the record fails to reveal any decision by County Court on these motions in the first instance, although one of them was eventually denied. Pretrial motions should be resolved prior to trial *(see, e.g., People v Hibbler,* 111 AD2d 67, 68). But considering our resolution of these issues, any error in this regard was harmless.

We also hold that County Court did not err in its determina-

tion, after a *Huntley* hearing, that defendant's remarks to Kimber were inadmissible while his statements to Holly were admissible. The record clearly shows that there was a lapse of four days between the Kimber and Holly interrogations of defendant, indicating the absence of a continuous, custodial interrogation and, further, that only the Holly interview was conducted after a full *Miranda* warning and a valid waiver by defendant of his constitutional rights. Under such circumstances, County Court's determination should not be reversed *(see, People v Chapple*, 38 NY2d 112, 115).

We also conclude that County Court properly considered the balancing factors set forth in *People v Sandoval* (34 NY2d 371) concerning probative value of prior crimes versus their prejudicial effect in determining that three such crimes were presentable before the jury. We have considered defendant's other arguments and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.