■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FITZPATRICK, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered March 12, 1990, upon a verdict convicting defendant of the crimes of assault in the second degree and attempted robbery in the second degree.

Defendant and his codefendant, Mark Morrett, were charged in a 10-count indictment with, inter alia, first degree burglary (Penal Law § 140.30 [2]), first degree assault (Penal

Law § 120.10 [1], [3], [4]), second degree assault (Penal Law § 120.05 [1]), attempted first degree robbery (Penal Law §§ 110.00, 160.15 [1]) and attempted second degree robbery (Penal Law §§ 110.00, 160.10 [1], [2] [a]). All of these charges arose from an incident that occurred at about 1:00 A.M. on October 29, 1988, when defendant and Morrett allegedly entered the apartment of Jack Idec, demanded money and beat him with a wooden board from his bed that they broke, and then burned him and threw him down a flight of stairs when he refused to give them the money.

At the conclusion of the trial, County Court dismissed three counts of the indictment and submitted to the jury the remaining seven counts, notably, for purposes of this appeal, first degree burglary, one count of first degree assault, one count of second degree assault, one count of attempted first degree robbery and two counts of attempted second degree robbery. The jury acquitted Morrett of all charges. Defendant was found guilty of second degree assault and of one count of attempted second degree robbery (Penal Law § 160.10 [2] [a]). Defendant's motion to have the jury reconsider the verdict or to set the verdict aside, on the ground of repugnancy, was denied. Defendant appeals from the judgment of conviction.

Defendant's first point on appeal is that the convictions for second degree assault and attempted second degree robbery are repugnant to the acquittals of attempted first degree robbery and first degree burglary. We disagree. In *People v Tucker* (55 NY2d 1), this State adopted the standard for reviewing jury verdicts for repugnancy recommended in Wax, *Inconsistent and Repugnant Verdicts in Criminal Trials* (24 NY L Sch L Rev 713 [1979]). Essentially, the standard adopted does not necessarily mandate reversal where the verdicts on various counts are inconsistent or illogical because, for example, the jury exercised leniency *(see,* Wax, *Inconsistent and Repugnant Verdicts in Criminal Trials,* 24 NY L Sch L Rev 713, 740-741). Reversal is only required when, under the actual instructions given to the jury and without consideration of the proof at the trial, "acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" *(People v Tucker, supra,* at 7). Put another way, an inconsistent verdict may stand unless "acquittal on one charge is conclusive as to an *element* which is *necessary to* and inherent in a charge on which a conviction has occurred" (Wax, *Inconsistent and Repugnant Verdicts in Criminal Trials,* 24 NY L Sch L Rev 713, 740 [emphasis in original]).

Under the foregoing standard, a comparison of the instructions to the jury with the verdicts rendered does not require reversal here. Thus, the jury's acquittal of defendant on the first degree burglary count is not repugnant to the convictions for second degree assault and attempted second degree robbery. The jury could have found that the People established the overlapping elements of the three offenses, yet could also have entertained a reasonable doubt on whether defendant "knowingly entered unlawfully" at Idec's dwelling, charged to the jury as a necessary element of first degree burglary but not of the two other crimes. Likewise, the jury could have found that "in the course of the attempt to commit [robbery], or of immediate flight therefrom", as County Court charged on the attempted first and second degree robbery counts,* defendant merely inflicted physical injury, but not serious physical injury, upon Idec. Thus, the jury's acquittal of defendant on the attempted first degree robbery charge was not irreconcilable with its conviction of defendant on the charge of attempted second degree robbery. Finally, on the repugnancy claims of defendant, his acquittal of attempted first degree robbery at Idec's premises is not necessarily conclusive as to any element required for the commission of second degree assault at the same premises. The jury could have determined that defendant did not inflict serious physical injury upon Idec in the course of the commission of the attempted robbery or immediate flight therefrom; rather, the jury could have concluded that the intentional infliction of serious physical injury only commenced after defendant abandoned the unsuccessful attempt to forcibly take money from Idec, but before defendant fled from the premises. Thus, it has not been shown that defendant was "convicted of [second degree assault] when the jury * * * found [by its acquittal on the count of attempted first degree robbery] that he did not commit one or more of its essential elements" *(People v Loughlin,* 76 NY2d 804, 806).

Defendant alternatively urges reversal on the basis of the admission into evidence by County Court of the hearsay statement of Idec, made to Morrett during Idec's subsequent visit to him at the Schenectady County Jail, that Morrett was not involved in the commission of the offenses and that his actual assailants were defendant and two black men. This

---

* In quoting from the indictment counts of attempted robbery, County Court included the phrase "immediate flight therefrom" in defining the crimes. However, in charging the jury as to the elements of attempted robbery that the People had to establish beyond a reasonable doubt, the court omitted the phrase "immediate flight therefrom".

evidence was introduced in Morrett's testimony and admitted over defendant's objection that the statement was hearsay. The statement may have been admissible on Morrett's behalf to contradict the inculpatory version of the same conversation that Idec gave in his own testimony. If so, however, County Court should have instructed the jury that it was not evidence against defendant. Nonetheless, we are satisfied that the error was harmless and, hence, does not require reversal. First, the alleged maker of the statement, Idec, had testified to a different content of the conversation not inculpating defendant and, presumably, he was available for recall. Second, while defendant properly identified the nature of his objection that the statement was hearsay, there was no request for the appropriate limiting instruction. Third, the statement does not at all appear to be the key to the jury's acquittal of Morrett and conviction of defendant. The evidence was much stronger against defendant than against Morrett. Notably, only Morrett had a viable alibi defense. Morrett was a closer friend of Idec, visited and assisted Idec the day after the incident occurred and the friendship between them subsequently continued, despite the serious injuries Idec sustained. On the other hand, Idec was positive in his identification of defendant as the attacker and defendant incriminated himself in attempting to fashion an alibi defense. Further indicative of the lack of probative value of the alleged statement was that not one of the parties alluded to it in their summations. In our view, there is no significant possibility that the error affected the verdict and it is, thus, insufficient for reversal (see, People v Crimmins, 36 NY2d 230, 242).

Defendant's remaining point is that error was committed by County Court in refusing to permit defendant to introduce extrinsic evidence contradicting certain portions of the testimony of Lori Lapi, a witness called by the People in rebuttal. The record strongly suggests, however, that the subject matter of Lapi's testimony that defendant sought to contradict was irrelevant and immaterial to any issue involving defendant's guilt or innocence. Thus, the only purpose to be served by admitting defendant's rebuttal evidence would have been impeachment of Lapi's credibility. This is, in effect, conceded in defendant's brief on appeal. It follows that, absent any independent relevance or materiality of the proffered extrinsic evidence contradicting Lapi's answers to questions, the evidence was inadmissible (see, People v Pavao, 59 NY2d 282, 289; People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.

