(February 20, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN RICHARDSON, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered August 4, 1988, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, while an inmate at Clinton Correctional Facility in Clinton County, was indicted for assault in the first degree and assault in the second degree arising out of a stabbing occurring in the facility. A jury acquitted defendant of assault in the first degree but convicted him of assault in the second degree under Penal Law § 120.05 (7). County Court sentenced defendant as a second felony offender to a prison term of 3½ to 7 years.

On this appeal defendant argues that the judgment of conviction should be reversed because (1) the verdict of guilt was not supported by the evidence, (2) County Court improperly denied defendant's motion for a mistrial without a hearing, (3) errors occurred in the sentencing procedure, and (4) County Court erroneously instructed the jury regarding the elements that needed to be proved in order to find defendant guilty of assault in the second degree in violation of Penal Law § 120.05 (7). We disagree and affirm the judgment of conviction.

Defendant's argument that the verdict was not supported by the evidence appears to rest on defendant's misapprehension that acquittal of the assault in the first degree charge indicated that the jury found that the victim was not stabbed by defendant, but only punched. The acquittal on the assault in the first degree charge, however, is not repugnant to the finding of guilt on the assault in the second degree charge (see, People v Fitzpatrick, 171 AD2d 972, 973, lv denied 78 NY2d 1075). There was evidence from which the jury could find that the victim sustained "physical injury" (Penal Law § 10.00 [9]) when stabbed but not "serious physical injury" (Penal Law § 10.00 [10]) (see, People v Bleakley, 69 NY2d 490, 495; see also,

*People v Fitzpatrick, supra).* Acquittal on the first charge was not conclusive as to the necessary element of physical injury in the assault in the second degree charge *(see, People v Fitzpatrick, supra).*

Defendant's motion for a mistrial was based upon defense counsel's allegations that a juror appeared to be sleeping during portions of the charge and was therefore unqualified to continue to serve *(see,* CPL 270.35). County Court, however, denied the motion without inquiry after noting that the court maintained eye contact with the jurors during the charge and did not observe anything suggesting that a juror slept during the charge. As County Court had the benefit of its own observations as to the incident in question, it had no need of further inquiry to determine whether the juror was unqualified *(cf., People v Cargill,* 70 NY2d 687, 688-689).

Next, review of the record reveals that defendant's claims that the procedure followed at sentencing was improper are without merit. Defendant was properly sentenced as a second felony offender for a class D felony *(see,* Penal Law §§ 120.05, 70.06 [3] [d]; [4]). The information concerning prior charges could properly be considered by the court.

Defendant's final contention, that County Court committed reversible error by instructing the jury that it must find that defendant was confined in the correctional facility inasmuch as he admitted the prior conviction, is rejected. Although it was error to do so, it is harmless error and therefore does not require reversal. Defendant correctly urges that where the grade of a crime is elevated because of a prior conviction and a defendant admits the prior conviction, the prosecution may not prove the fact of the prior conviction as part of its direct case *(see,* CPL 200.60 [3] [a]; *People v Ali,* 147 AD2d 847, 848). The case of *People v Ali (supra),* however, on which defendant relies, involved the question of whether an indictment charging the defendant with second degree assault in violation of Penal Law § 120.05 (7) was insufficient in that it failed to allege the defendant's confinement in a prison facility as an element of the crime. The instant case does not involve the failure of the prosecution to plead such facts, but rather involves instructions to the jury that proof of defendant's confinement to a correctional facility was required and was not in dispute. In *People v Ali (supra),* we found that, pursuant to CPL 200.60, there was no error in the indictment. Here, while we find that it was a violation of CPL 200.60 (3) (a) to instruct the jury that they could not convict unless they found that defendant was incarcerated at the time in question *(but*

*see,* 2 CJI[NY] PL 120.05 [7], at 128A-128B), we deem the error to be harmless error in the circumstances of this case. The jury had already received evidence of defendant's confinement without objection. Thus, the facts mentioned by County Court were already obvious to the jury. The instruction was not prejudicial to defendant on the record in this case.

Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.