THIRD DEPARTMENT, MARCH, 1993

(March 4, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYFIELD GADDY, Appellant. [594 NYS2d 407] —Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 5, 1989, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted on a single count of assault in the second degree based upon an incident which occurred while defendant was confined in the special housing unit of Elmira Correctional Facility in Chemung County. The crime charged in the indictment includes as an element defendant's confinement in a correctional facility pursuant to a charge or conviction of a crime (Penal Law § 120.05 [7]). In accordance with CPL 200.60, the indictment did not refer to any previous conviction, but was accompanied by a special information which accused defendant of being confined in Elmira Correctional Facility as the result of a November 17, 1982 conviction of the crime of assault in the first degree. When defendant was arraigned on the special information *(see,* CPL 200.60 [3]), defendant admitted the previous conviction, but refused to admit that he was confined in Elmira Correctional Facility.

During his opening statement to the jury, the prosecutor stated that defendant was confined in a correctional facility pursuant to a conviction of a crime. Defendant objected to the

reference to the previous conviction and moved for a mistrial. The motion was denied. At the conclusion of the trial, the jury found defendant guilty of the single count in the indictment. As a second felony offender, defendant was sentenced to a prison term of 3½ to 7 years, to run consecutively with the sentence imposed upon the prior conviction.

On appeal, defendant contends that his motion for a mistrial based upon the prosecutor's reference to his prior conviction should have been granted. We disagree. When the enhancing element of a crime is not merely the existence of a prior conviction but also includes related facts, the pleading and proof of which would necessarily reveal the conviction, "the protection afforded by CPL 200.60 can be effectuated only by reading the statute to require resort to the special information procedure for all of the conviction-related facts that constitute the enhancing element" *(People v Cooper,* 78 NY2d 476, 483). This requirement was satisfied in this case when defendant was given the opportunity to admit the prior conviction and that he was confined in a correctional facility pursuant to that prior conviction. When defendant refused to admit that he was confined in a correctional facility pursuant to the prior conviction, the People could proceed with their proof on this element *(see, supra,* at 483). Accordingly, we see no error in the prosecutor's reference to defendant's confinement in a correctional facility pursuant to a conviction of a crime, particularly in the absence of any reference to the nature of that crime.

Defendant next contends that the verdict was against the weight of the evidence, but the conflicting testimony of the correction officers and defense witnesses created a question of credibility for the jury to resolve and its determination will not be disturbed unless it is clearly unsupported by the record *(see, People v Dunavin,* 173 AD2d 1032, 1033-1034, *lv denied* 78 NY2d 965). Based upon our review of the record, we find that the evidence was legally sufficient and the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). Defendant also contends that the prison sentence of 3½ to 7 years to run consecutively with the sentence he was serving is harsh and excessive. Pursuant to Penal Law § 70.25 (5), a conviction under Penal Law § 120.05 (7) carries a sentence consecutive to the term defendant was serving unless the trial court provides otherwise in the interest of justice. Considering the nature of the crime and defendant's extensive history of criminal behavior, we see no basis to disturb the

sentence. We have considered the arguments presented in defendant's *pro se* brief and find them to be without merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.