■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALENTINO DIXON, Appellant. [626 NYS2d 900] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the third degree (Penal Law § 120.00 [2]), and criminal possession of a weapon in the second degree (Penal Law § 265.03). The conviction

arises from an incident that occurred in Buffalo on August 10, 1991, when defendant fatally shot a 17-year-old male with an Uzi machine gun. He also attempted to kill the victim's brother and another teenager with the same gun. Those young men survived the shooting and identified defendant as the perpetrator of the crimes.

Defendant contends that County Court denied him a fair trial by improperly permitting hearsay testimony into evidence, and then compounded the problem by giving a misleading limiting instruction to the jury. Specifically, defendant asserts that a prosecution witness was permitted to testify, over objection, that he heard a person say "watch out, he's got a gun", and that another witness was permitted to testify, over objection, that he heard someone say "you better run, Tino is going to his car". We agree that those statements were hearsay and should not have been admitted. Following a bench conference, the court gave a limiting instruction to the jury. The People concede that the court made a misstatement in its limiting instruction. The court's limiting instruction was inadequate because it failed to advise the jury that it should consider the hearsay statements not for their truth, but rather, for the limited purpose for which they were received (see, People v Justice, 202 AD2d 362, lv denied 83 NY2d 1004). Defendant, however, concedes that he did not object to the court's limiting instruction, and thus the issue has not been preserved for review (see, CPL 470.05 [2]). Moreover, the errors in admitting the hearsay statements in evidence and in the limiting instruction are harmless in light of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230, 242; People v Fitzpatrick, 171 AD2d 972, 974-975, lv denied 78 NY2d 1075; People v Hawkins, 155 AD2d 617, 618).

Defendant further contends that the identification of him as the person who shot the victims is against the weight of the evidence. Three eyewitnesses positively identified defendant as the shooter. In addition, those witnesses testified that they knew defendant or had seen him on a number of prior occasions. The contention that defendant was misidentified as the shooter was rejected by the jury and its verdict is not against the weight of the credible evidence (see, People v Bleakley, 69 NY2d 490, 495). The trial court's instructions to the jury on the issue of identification were sufficient to enable the jury to apply the correct rules of law (see, People v Whalen, 59 NY2d 273, 279; People v Aucter, 107 AD2d 1008, lv denied 64 NY2d 1016).

We reject the contention that defendant's conviction of attempted murder in the second degree is against the weight of the evidence because the proof did not show that defendant acted with intent to cause the death of Aaron Jackson. The evidence established that defendant fired multiple rounds at Aaron Jackson, that one of the rounds struck him in the stomach, and that defendant continued to shoot as Aaron Jackson attempted to get into his car. One of the bullets struck the top of the car. We conclude that it was reasonable for the jury to infer from defendant's conduct, as well as the surrounding circumstances, that defendant acted with the requisite intent to cause Aaron Jackson's death (see, People v Steinberg, 79 NY2d 673, 682; People v Smith, 79 NY2d 309, 315; People v McDavis, 97 AD2d 302, 303).

In view of the heinous nature of the offenses and defendant's extensive criminal history, the sentencing court did not abuse its discretion in imposing a lengthy prison sentence. (Appeal from Judgment of Erie County Court, D'Amico, J.— Murder, 2nd Degree.) Present—Green, J. P., Fallon, Wesley, Callahan and Balio, JJ.