■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. D'ANGELO, Appellant. [665 NYS2d 713] —White, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered June 6, 1996, upon a verdict convicting defendant of the crime of driving while intoxicated.

Defendant challenges his felony conviction of the crime of driving while intoxicated on the ground that the verdict was against the weight of the evidence and that County Court erred in denying his request to suppress evidence of his refusal to take a breathalyzer test. For the reasons that follow, we reject defendant's arguments and affirm.

Under Vehicle and Traffic Law § 1194 (2) (f), a defendant's refusal to submit to a chemical test is admissible in a trial based upon a violation of Vehicle and Traffic Law § 1192 provided it is shown that "the person was given sufficient warning * * * of the effect of such refusal and that the person persisted in the refusal". Defendant claims that there was insufficient proof that he persisted in refusing to take a breathalyzer test. The record does not support his argument for it shows that, following his arrest, defendant was taken to the City of Glens Falls Police Station, arriving at around 5:00

A.M. on June 1, 1995, where he was immediately provided with the requisite warning. Defendant initially agreed to take the test but, upon learning that he was going to be charged with a felony, changed his mind stating to the officer "What's the point?" The police then reread the warning to him, eliciting an unintelligible mumble from defendant who lay down on a bench and went to sleep. At 5:37 A.M. and 5:47 A.M., the arresting officer unsuccessfully attempted to rouse defendant to ask him to take the test. In our view, defendant's words and conduct clearly evince a persistent refusal to submit to a breathalyzer test (*see, People v Massong*, 105 AD2d 1154, 1155).

When we examine a verdict to determine if it is against the weight of the evidence, we weigh the evidence in light of the elements of the crime as charged and make our own independent determination regarding the probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony. If it appears that the trier of fact failed to give the evidence the weight it should be accorded, we may set aside the verdict (*see, People v Noble*, 86 NY2d 814, 815; *People v Bleakley*, 69 NY2d 490).

Here, the arresting officer testified that he observed defendant's vehicle speeding and weaving in its lane of traffic and when he approached defendant after stopping his vehicle he observed that defendant had bloodshot eyes and a strong odor of alcohol on his breath. The officer further related that when defendant stepped out of his truck he would have fallen had the officer not caught him. The officer went on to testify that defendant failed all of the field sobriety tests and that when he was in the police station he staggered when he walked and his speech was slurred. Another officer, who had made over 150 driving while intoxicated arrests, related that he had observed defendant at the police station and opined that he was very intoxicated. While defendant was able to establish some minor inconsistencies in the arresting officer's testimony, they were not so significant as to render the officer's testimony incredible as a matter of law (*see, People v Attanasio*, 191 AD2d 447, 448, *lv denied* 81 NY2d 967). Therefore, weighing this evidence together with the inference that defendant's refusal to take the breathalyzer test demonstrated consciousness of guilt, we conclude that the jury's finding that defendant voluntarily consumed alcohol to the extent that he was incapable to a substantial extent of employing the physical and mental abilities necessary to operate his vehicle in a reasonable and careful manner is not against the weight of the evidence (*see, People v DeMarasse*, 85 NY2d 842, 845; *People v Rundblad*, 154 AD2d 746, 747).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.