■ The People of the State of New York, Respondent, v David L. Reynolds, Appellant. [728 NYS2d 503] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 26, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree and promoting prison contraband in the first degree.

Defendant and a codefendant, Derrick Coe, were charged in a two-count indictment with assault in the second degree (Penal Law § 120.05 [7]) and promoting prison contraband in the first degree (Penal Law § 205.25 [2]) in connection with an attack on a fellow inmate at Gouverneur Correctional Facility in St. Lawrence County on April 23, 1996. Following a jury trial, defendant was found guilty of both crimes. Defendant appeals and we affirm.

Defendant's initial contention is that the first count of the indictment should have been dismissed because the People failed to comply with CPL 200.60 (1), which provides that "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction." Instead, a special information charging that the defendant was convicted of the underlying felony must be filed and, sometime before the close of evidence, the defen-

dant must be arraigned on such information outside the presence of the jury (CPL 200.60 [2], [3]). In this case, the indictment returned against defendant stated that defendant, "having been charged with a crime and having been confined in a correctional facility pursuant to such charge," intentionally caused physical injury to another person in violation of Penal Law § 120.05 (7). County Court denied defendant's motion—made at the close of the People's opening statement—to dismiss count one of the indictment in light of this noncompliance with CPL 200.60, but directed the People to file a special information. Defendant subsequently admitted to the underlying conviction—as alleged in the newly filed special information—outside of the presence of the jury. Under the circumstances presented here, we discern no error in County Court's treatment of this matter.

The purpose of CPL 200.60 is to give a defendant the opportunity to stipulate to a prior conviction to avoid the prejudicial impact of having the prior offense proven to the jury (see, People v Cooper, 78 NY2d 476, 480-482). Here, the indictment alleging assault in the second degree under Penal Law § 120.05 (7) improperly stated that defendant was incarcerated on a prior criminal charge (see, People v Ali, 147 AD2d 847), but the indictment was not read to the jury. Although the People did state during their opening statement—without objection from defendant—that defendant was incarcerated, we conclude that the disclosure of defendant's status as an inmate at a correctional facility was unavoidable in this situation and, therefore, there was no prejudice to defendant. The setting, participants and witnesses to the incident underlying the charges necessarily put the jury on notice that defendant was incarcerated. Moreover, defendant was charged by the same indictment with promoting prison contraband in the first degree (Penal Law § 205.25 [2]) which requires—by its very nature—that he be confined to a correctional facility, and to which the protections in CPL 200.60 do not apply. Thus, it is clear that the People's failure to comply with CPL 200.60 was harmless error and County Court appropriately denied defendant's motion to dismiss the first count of the indictment (see, People v Richardson, 180 AD2d 902, 903-904; cf., People v Cooper, supra).

Next, defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Specifically, he argues that the People failed to establish that the victim sustained the "physical injury" necessary to sustain a conviction for assault in the second degree

(*see,* Penal Law § 10.00 [9]; § 120.05 [7]) and that, with respect to the conviction for promoting prison contraband in the first degree, the People failed to adequately prove that he possessed "dangerous contraband," in this case, a weapon (*see,* Penal Law § 205.00 [3]; § 205.25).

Viewing the evidence in the light most favorable to the prosecution, we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley,* 69 NY2d 490, 495; *see, People v Williams,* 84 NY2d 925, 926), i.e., that the victim sustained physical injury within the meaning of Penal Law § 120.05. To establish physical injury, it was necessary for the People to prove that the victim either suffered "substantial pain" or "impairment of [a] physical condition" (Penal Law § 10.00 [9]). The record evidence establishes that the victim was stabbed six times with a metal, saw-blade like shank. Both the victim and a correction officer testified that the victim was bleeding from wounds after the fight and that he was sent to the infirmary for medical attention. Photographs of the victim's stab wounds were introduced at trial and the victim testified that the injuries left him stiff and sore for nearly a month following the incident. Under these circumstances, we conclude that the evidence was legally sufficient to sustain a conviction of assault in the second degree and that the verdict on that charge was not against the weight of the evidence (*see, People v Colantonio,* 277 AD2d 498, 500; *People v Brown,* 243 AD2d 749, 749-750; *People v Cancer,* 232 AD2d 875, 876, *lv denied* 89 NY2d 984; *cf., People v McDowell,* 28 NY2d 373, 375; *People v Marzano,* 147 AD2d 752, 753).

Likewise, sufficient record evidence exists to support the conclusion that defendant was in possession of a weapon. According to the victim's testimony, defendant repeatedly stabbed him with a gleaming object. A correction officer testified that, after the fight, he recovered a bloody metal shank from the floor between defendant and the victim. Finally, two correction officers offered testimony that the victim was cut and they observed blood streaming down his face immediately following the altercation. We conclude that in light of this evidence, it was entirely reasonable for the jury to conclude beyond a reasonable doubt that defendant was in possession of prison contraband (*see, People v Burns,* 281 AD2d 704; *People v Archbold,* 257 AD2d 676, 677, *lv denied* 93 NY2d 850). "[U]pon viewing all of the evidence in a 'neutral light,' and weighing 'the relative probative value of the inferences that may be drawn from the testimony' " (*People v Tunstall,* 278 AD2d 585,

587, quoting *People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926), we further conclude that the verdict is not against the weight of the evidence (*see, People v Burns, supra*; *People v Brye*, 233 AD2d 775, 777, *lv denied* 89 NY2d 1009).

We turn next to defendant's contention that County Court abused its discretion in ruling that the People would be permitted to cross-examine defendant, should he testify, regarding several prior convictions. After reviewing defendant's extensive criminal history, County Court ruled that the People were entitled to inquire of defendant whether he was convicted of criminal trespass in the third degree, one instance of assault in the third degree, attempted burglary in the second degree, petit larceny, criminal impersonation and two other unspecified felonies. Notably, the court was concerned about the impact that defendant's full criminal history would have on the jury and thus did not allow the People to question defendant regarding the facts underlying these convictions or to disclose that defendant had been convicted of six other assaults. In our view, County Court reached a fair compromise by appropriately balancing the probative value of defendant's prior convictions on the issue of his credibility against the potential for prejudice (*see, People v Sandoval*, 34 NY2d 371, 375; *People v Ebron*, 275 AD2d 490, 491-492, *lv denied* 95 NY2d 934; *People v Kingsbury*, 256 AD2d 916, 916-917).

We also reject defendant's argument that evidence of his status as a gang member was improper character evidence and unduly prejudiced him. Such evidence was properly admitted because it was relevant to show motive and to explain the connection between defendant and Coe and because its probative value outweighed its potential prejudice (*see, People v Perez*, 265 AD2d 347, 348, *lv denied* 94 NY2d 827; *People v Boyd*, 164 AD2d 800, 803, *lv denied* 77 NY2d 904). We have considered defendant's remaining arguments—his assertions that the prosecutor made prejudicial comments during summation, that he was denied effective assistance of counsel and that his sentence was improper, harsh and excessive—and find they are either unpreserved for our review or lacking in merit.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.