■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RICHBURG, Appellant. [731 NYS2d 256] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 26, 1998 in Albany County, upon a verdict convicting defendant of the crimes of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant was indicted by an Albany County Grand Jury for

---

the crimes of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree, stemming from a police investigation of a motor vehicle accident that occurred in the City of Albany in the early morning hours of December 12, 1996. Convicted on both counts of the indictment after a jury trial, defendant was sentenced to a term of imprisonment of 1¹/₃ to 4 years and a fine of $1,000 on his conviction for operating a motor vehicle while under the influence of alcohol and a term of imprisonment of 1¹/₃ to 4 years and a fine of $500 on his conviction for aggravated unlicensed operation of a motor vehicle in the first degree, the prison terms to run consecutively to one another. Defendant now appeals claiming that Supreme Court erred by allowing the People to introduce into evidence at trial his refusal to submit to a chemical test to determine his blood alcohol content and by imposing consecutive sentences, and that his consecutive sentences were harsh and excessive.

Under Vehicle and Traffic Law § 1194 (2) (f), a defendant's refusal to submit to a chemical test is admissible provided the People show that "the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal" (*see, e.g., People v Thomas*, 46 NY2d 100, *appeal dismissed* 444 US 891; *People v D'Angelo*, 244 AD2d 788, *lv denied* 91 NY2d 890). Defendant argues that the People failed to demonstrate that he persisted in refusing to take a blood test when requested to do so and that proof of his refusal should not have been admitted into evidence at his trial. Although the People claim that defendant failed to preserve this issue for our review, on this record we shall nevertheless address the issue in the interest of justice (*see*, CPL 470.15 [3] [c]; [6] [a]).

Albany Police Officer William Wilson testified that he spoke to the conscious defendant in the hospital emergency room prior to defendant's surgery, but that defendant refused to tell him what had happened and spoke in incomplete sentences. Wilson also testified that he observed that defendant's eyes were glassy and that he detected the smell of alcohol from defendant despite defendant wearing an oxygen mask. Based on this 10 minute conversation and his observations, Wilson arrested defendant for driving while intoxicated and immediately read defendant the DWI warnings, which included the consequences of a refusal to consent to a chemical test. When asked to submit to a blood test, defendant responded, "No, you are not taking any of my blood." Wilson then again explained to defendant the consequences of a refusal of a chemical test and

testified that defendant looked at him and turned away. Defendant was immediately thereafter taken from the emergency room to surgery.

A defendant's refusal to take a chemical test may be evidenced by words or conduct (*see, e.g., People v D'Angelo, supra,* at 789; *Matter of Stegman v Jackson,* 233 AD2d 597; *People v Massong,* 105 AD2d 1154, 1155; *People v Coludro,* 166 Misc 2d 662, 666). Here, the People established that defendant received the required clear and unequivocal warning regarding the ramifications of such a refusal and the record supports Supreme Court's finding that defendant persisted in his refusal to submit to a chemical test (*see,* Vehicle and Traffic Law § 1194 [2] [f]; *Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.,* 92 AD2d 38, *affd* 59 NY2d 950). Consequently, defendant's refusal was properly admitted into evidence at trial.

Next, defendant claims that Supreme Court erred by imposing consecutive sentences for felony driving while intoxicated and aggravated unlicensed operation in the first degree, arguing that such sentences are prohibited by Penal Law § 70.25 (2) (*see, People v Milo,* 235 AD2d 552; *People v Clemens,* 177 AD2d 1053). We have previously refused to disturb consecutive sentences for these same offenses based on a claim that the sentences were harsh and excessive (*see, People v Warren,* 186 AD2d 854). The imposition of consecutive sentences for those crimes, however, is not prohibited by Penal Law § 70.25 (2). Felony driving while intoxicated and aggravated unlicensed operation in the first degree are separate and distinct acts involving different kinds of conduct, as alleged in the separate counts of the indictment, even though they evolved from the same operation of a motor vehicle (*see, People v Catone,* 65 NY2d 1003, 1005; *People ex rel. Maurer v Jackson,* 2 NY2d 259, 264-266; *People v Skarczewski,* 287 NY 826).

Finally, we reaffirm our holding in *People v Warren* (*supra*) and reject defendant's argument that his consecutive sentences were harsh and excessive. The sentences imposed are within the applicable statutory guidelines and defendant has not demonstrated any extraordinary circumstances which would warrant our disturbing his otherwise lawful sentences (*see, People v Dolphy,* 257 AD2d 681, *lv denied* 93 NY2d 872).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.