THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD M. DOVE, Appellant. [926 NYS2d 758]—

Peters, J.P.

Defendant was indicted for assault in the second degree after he punched a fellow inmate in the face at the Broome County Jail. Convicted following a jury trial, he now appeals.

Defendant claims that he was denied a fair trial because the indictment referenced his confinement in a correctional facility and the procedures set forth in CPL 200.60 were not followed. CPL 200.60 (1) provides that "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction." Rather, the underlying crime must be charged in a special information and the defendant must be arraigned on such information outside the presence of the jury (see CPL 200.60 [2], [3]). Here, defendant was charged with assault in the second degree pursuant to Penal Law § 120.05 (7), which required the People to prove that, at the time of the assault, defendant was confined at a correctional facility pursuant to a charge or conviction of a crime. We have previously held that, where a defendant is charged with committing an assault while confined pursuant to a criminal conviction, CPL 200.60 prohibits the indictment from alleging the defendant's confinement in a correctional facility (see People v Reynolds, 283 AD2d 771, 772 [2001], lvs denied 96 NY2d 866, 923 [2001]; People v Gaddy, 191 AD2d 735, 736 [1993], lv denied 82 NY2d 718 [1993]; People v Ali, 147 AD2d 847, 848 [1989]).

We find no reason why the requirements of CPL 200.60 should not apply where, as here, a defendant is confined at a correctional facility pursuant to pending criminal charges at the time of the claimed assault. In People v Cooper (78 NY2d 476, 483 [1991]), the Court of Appeals extended the reach of CPL 200.60 to cover those situations where the enhancing element of the higher grade offense is not the prior conviction itself, but rather conviction-related facts. In so doing, the Court expressed its view that the practical operation of the statute's procedural mandates must give effect to its protective purpose, which is to provide a defendant with an opportunity to shield himself or

herself from "the likelihood of prejudice resulting from a jury's knowledge that the defendant is a repeat offender" (*id.* at 484). In our view, CPL 200.60 is addressed to this type of inferential prejudice flowing from the fact of defendant's incarceration— whether pursuant to a conviction or a pending criminal charge (*cf. People v Alshoaibi*, 273 AD2d 871, 871-872 [2000], *lv denied* 95 NY2d 960 [2000] [finding that, although the enhancing element of the charged crime was the revocation of the defendant's license based upon his failure to submit to a chemical test, rather than revocation based upon a prior conviction, provisions of CPL 200.60 were applicable to protect the jury from learning of this prejudicial information]; *People v Orlen*, 170 Misc 2d 737, 740-741 [1996] [same]). Thus, we agree with defendant that the indictment improperly alleged that he was incarcerated on a prior criminal charge, and that the procedures employed in CPL 200.60 should have been followed.

Nevertheless, we deem the error to be harmless under the circumstances of this case. The indictment was not read to the jury, nor was the nature of the underlying charged crimes disclosed. Moreover, "[t]he setting, participants and witnesses to the incident underlying the charge[ ] necessarily put the jury on notice that defendant was incarcerated" (*People v Reynolds*, 283 AD2d at 772). As "the disclosure of defendant's status as an inmate at a correctional facility was unavoidable in this situation," we discern no prejudice to defendant (*id.* at 772; *see People v Richardson*, 180 AD2d 902, 903-904 [1992]).

Defendant also argues that the conviction was against the weight of the evidence, specifically claiming that the People failed to establish that the victim sustained a "physical injury" as a result of the attack.* Physical injury means an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "[W]hile 'slight or trivial pain' is insufficient, the '[p]ain need not . . . be severe or intense to be substantial' " (*People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007], quoting *People v Chiddick*, 8 NY3d 445, 447 [2007]; *see People v Jones*, 79 AD3d 1244, 1245 [2010], *lv denied* 16 NY3d 832 [2011]). "A variety of factors are relevant in determining whether physical injury has been established, including the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment" (*People v Dixon*, 62 AD3d

---

* To the extent that defendant argues that the proof on this element was legally insufficient, his general motion to dismiss at trial was insufficient to preserve this issue for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Hardy*, 57 AD3d 1100, 1101 [2008], *lv denied* 12 NY3d 784 [2009]).

1036, 1039 [2009], *lv denied* 12 NY3d 912 [2009] [internal quotation marks and citations omitted]; *accord People v Stearns*, 72 AD3d 1214, 1217 [2010], *lv denied* 15 NY3d 778 [2010]).

Here, defendant twice punched the victim in the face, causing the victim's teeth to pierce through and split his lip. The victim was brought to the medical unit of the jail and then to a hospital where the laceration on his lip was closed with a number of sutures and he was advised to take pain medication. The victim explained that one of his front teeth remained loose for an extended period of time and that he experienced pain for nearly a week and a half following the altercation. In light of this proof, we conclude that the weight of the evidence supports the jury's finding that the victim suffered a physical injury (*see People v Jones*, 79 AD3d at 1245; *People v Stearns*, 72 AD3d at 1217; *People v Foster*, 52 AD3d 957, 959-960 [2008], *lv denied* 11 NY3d 788 [2008]).

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

