■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. ANDERSON, Appellant. [932 NYS2d 561]—

Spain, J.

In 2009, in the City of Cohoes, Albany County, defendant was stopped by police officers who had observed him driving down the center of a two-lane street. Defendant refused a field sobriety test and, based on his unsteady gait, appearance and the smell of alcohol on his breath, the officers arrested him. At the police station, after he was notified that a refusal to consent to a chemical test of his blood alcohol or drug content could be used as evidence against him, defendant refused such testing.

Thereafter, defendant, whose license already had been revoked after a 2004 driving while intoxicated conviction in accordance with Vehicle and Traffic Law § 1192 (3), was indicted and charged with driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree (*see* Vehicle and Traffic Law § 511 [1] [a]; [2] [a] [ii]; [3] [a] [i]). In accordance with CPL 200.60 (3) (a), to preclude the People from introducing evidence at trial of that prior conviction to prove that defendant knew or had reason to know that his license had been revoked—an element of aggravated unlicensed operation of a motor vehicle—defendant admitted the 2004 driving while intoxicated conviction. Following a *Sandoval* hearing, Supreme Court held that if defendant testified at trial, the People could impeach him by asking if he had been convicted of a misdemeanor in 2004, but not as to other specifics of the conviction,

nor could they inquire as to another driving while intoxicated conviction from 2004. Defendant testified at trial.

Defendant was convicted after the jury trial of the lesser included offense of driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree, and was sentenced to an aggregate prison term of 1⅓ to 4 years. Defendant now appeals, and we affirm.

It is now well settled that a defendant's refusal to submit to a chemical test is admissible to demonstrate consciousness of guilt "provided the People show that 'the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal' " (*People v Richburg*, 287 AD2d 790, 791 [2001], *lv denied* 97 NY2d 687 [2001], quoting Vehicle and Traffic Law § 1194 [2] [f]; *see People v Thomas*, 46 NY2d 100, 108-109 [1978], *appeal dismissed* 444 US 891 [1979]). No dispute exists that defendant was adequately warned as to the consequences of his refusal to submit to a chemical test, or that he repeatedly refused to take such a test. Defendant argues, nevertheless, that the People's statements and questioning of him at trial regarding his refusal to consent to a chemical blood test deprived him of a fair trial by impermissibly shifting the burden of proof to him. Specifically, during both cross-examination and summation, the People suggested that, by refusing to take the test, defendant forewent the opportunity to prove his innocence. Supreme Court sustained defendant's objections to these questions and comments, informing the jury that defendant did not bear any burden of proof and that it was entitled, but not required, to infer that defendant refused the test because he feared it would provide evidence of his guilt. Under these circumstances, we see no evidence that the burden of proof was improperly shifted to defendant or that he was deprived of a fair trial (*see People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Poladian*, 189 AD2d 911, 912-913 [1993], *lv denied* 81 NY2d 891 [1993]).

Next, defendant contends that Supreme Court's CPL 200.60 ruling was violated by the court's subsequent *Sandoval* ruling admitting evidence of his prior conviction for impeachment purposes, and by the People's cross-examination of defendant regarding his need for a driver's license. "The purpose of CPL 200.60 is to give a defendant the opportunity to stipulate to a prior conviction to avoid the prejudicial impact of having the prior offense proven to the jury" when the prior conviction is an element of the crime charged (*People v Reynolds*, 283 AD2d 771, 772 [2001], *lv denied* 96 NY2d 866 [2001]; *see People v Coo-*

*per*, 78 NY2d 476, 481 [1991]). However, evidence of the prior conviction may still be adduced for purposes of impeachment should the defendant testify in his or her own defense, provided that the trial court "expressly balanc[es] the probative impeachment value of that crime against its potential for undue prejudice" (*People v Gilliam*, 36 AD3d 1151, 1153 [2007], *lv denied* 8 NY3d 946 [2007]). Here, the court properly balanced the potential prejudice to defendant against the probative value of the evidence in fashioning its *Sandoval* compromise, permitting evidence that defendant was convicted of a misdemeanor in 2004 but precluding testimony as to the details of that conviction or mention of any of his multiple prior convictions (*see People v Stevens*, 65 AD3d 759, 762 [2009], *lv denied* 13 NY3d 839 [2009]; *People v Young*, 13 AD3d 716, 718 [2004]).

On cross-examination, the People attempted to establish that a license was a necessity for defendant, suggesting that he would have had a strong motive to refuse the test and thereby risk losing his license. However, the People did not ask defendant if his license was suspended or revoked and, in fact, their questions presumed that defendant had a driver's license at the time of his arrest on the current charges. During deliberation, the jury submitted a note asking if it was "a matter of record that . . . defendant did not have a license" when he was arrested for the current charges, and Supreme Court responded that the jury need not answer that question in order to return its verdict. Under these circumstances, the CPL 200.60 ruling was not violated, either by the People's questions about defendant's refusal to take the chemical test or by Supreme Court's *Sandoval* ruling (*see People v Gilliam*, 36 AD3d at 1153; *People v Reynolds*, 283 AD2d at 772).

We reject defendant's remaining argument that his admission at the CPL 200.60 arraignment—that he "knew or should have known" that his driver's license had been revoked—was insufficient to establish, as required to prove aggravated unlawful operation of a motor vehicle, that he "kn[ew] or ha[d] reason to know" that his driver's license had been revoked (Vehicle and Traffic Law § 511 [1] [a]; *see People v Pacer*, 6 NY3d 504, 508 [2006]). Simply put, we see no viable distinction between a finding that one "should have known" something and a finding that he or she "had reason to know" it.

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.