Garry, J.
Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 24, 2011, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree (two counts).
In February 2010, defendant was involved in a physical altercation with another inmate (hereinafter the victim) while incarcerated at Elmira Correctional Facility in Chemung County. He was thereafter charged with promoting prison contraband in the first degree and two counts of attempted assault in the second degree. Following a jury trial, he was convicted as charged and sentenced as a second felony offender to an aggregate prison term of 2V2 to 5 years, to run consecutively to his existing sentence. Defendant appeals.
Initially, County Court did not err in allowing the People to amend the indictment to add citations to Penal Law § 110.00 to the counts charging attempted assault in the second degree. Omission of these citations was merely a clerical error and the amendment—made some seven months before the trial—neither altered the theory of prosecution nor caused prejudice to defendant (see CPL 200.70; People v Jordan, 34 AD3d 927, 930 [2006], lv denied 8 NY3d 881 [2007]). As to the count charging attempted assault pursuant to Penal Law § 120.05 (7), the failure to allege the element of confinement in a correctional facility was not a defect; as County Court held, this element is not to be included in the indictment, but is to be separately presented by special information to avoid prejudice (see CPL 200.60; People v Dove, 86 AD3d 715, 715 [2011], lv denied 17 NY3d 903 [2011]; People v Gaddy, 191 AD2d 735, 735 [1993], lv denied 82 NY2d 718 [1993]). Here, the special information was defective in failing to specifically allege that defendant was confined at the time of the instant offense. Nonetheless, as the indictment set forth the statutory reference to Penal Law § 120.05 (7), defendant was fairly apprised of all the elements of the crime (see People v D’Angelo, 98 NY2d 733, 735 [2002]; People v Brickley, 306 AD2d 551, 552-553 [2003], lv denied 100 NY2d 641 [2003]).[1]
Defendant next asserts that his convictions were not sup *1090 ported by legally sufficient evidence and were against the weight of the evidence.[2] The testimony established that correction officers and inmates saw defendant fighting with the victim in the correctional facility’s field house. No witness saw either participant use a weapon, but the victim sustained a straight, clean-edged laceration that extended across the bridge of his nose onto his cheek, and defendant sustained a clean-edged laceration on the palm of his right hand. Shortly after the incident, a small, sharp blade with cardboard, electrical tape and a sticker wrapped around one end was found on the floor approximately six feet from where the fight had occurred. This blade fit neatly into a small object that was found in defendant’s pocket and was likewise made of cardboard, electrical tape and a sticker that matched the sticker on the blade. A correction officer identified this item, based on his years of experience, as a sheath for a weapon. There was testimony that instruments similar to the blade had previously been used in the facility, were capable of causing serious injury and typically caused straight lacerations with clean edges. Defendant testified and denied possessing the blade, the sheath or any weapon; he contended that the victim’s facial injury could have been caused by a zipper on a coat that he pulled over the victim’s head during the struggle. While a different verdict would not have been unreasonable, upon weighing the evidence in a neutral light and according deference to the jury’s credibility assessments, we find that defendant’s convictions were not against the weight of the evidence (see People v Brown, 90 AD3d 1140, 1140-1141 [2011], lv denied 18 NY3d 922 [2012]; People v Griffin, 24 AD3d 972, 974 [2005], lv denied 6 NY3d 834 [2006]).
We reject defendant’s contention that he received ineffective assistance of counsel. Defendant did not “demonstrate the absence of strategic or other legitimate explanations” for his counsel’s failure to request a missing witness charge with regard to the victim (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks and citations omitted]; accord People v Hutchinson, 57 AD3d 1013, 1014 [2008], lv denied 12 NY3d 817 [2009]). Notably, the record reveals that defense counsel was aware of the substance of testimony that the victim had given during a previous prison disciplinary hearing and that he and the prosecutor agreed to make no reference to this hearing *1091 during the trial. Further, although defense counsel did not object when the prosecutor suggested during summation that fear of retaliation may have prevented the victim from testifying, this remark was a fair response to defense counsel’s comments on the victim’s failure to testify and, in any event, “was not so prejudicial to defendant as to render counsel’s failure to object to [it] evidence of ineffective assistance of counsel” (People v Fisher, 89 AD3d 1135, 1139 [2011], lv denied 18 NY3d 883 [2012] [internal quotation marks and citations omitted]; see People v Molano, 70 AD3d 1172, 1177 [2010], lv denied 15 NY3d 776 [2010]).
Finally, we reject the contention that prosecutorial misconduct deprived defendant of a fair trial. County Court appropriately addressed the objections made by the prosecutor during defense counsel’s summation by overruling them, cautioning the prosecutor that defense counsel’s arguments were permissible, and twice instructing the jury that counsel’s remarks during argument did not constitute evidence, and that the jury’s decision was to be based on the evidence. The prosecutor’s remarks in summation constituted fair responses to defense counsel’s argument and theory of defense and did not exceed the bounds of permissible rhetorical comment (see People v Molina, 79 AD3d 1371, 1376-1377 [2010], lv denied 16 NY3d 861 [2011]; People v Williamson, 77 AD3d 1183, 1185 [2010]). Viewing the summation as a whole, we find no “flagrant and pervasive pattern of misconduct” requiring a new trial (People v Hunt, 39 AD3d 961, 964 [2007], lv denied 9 NY3d 845 [2007] [internal quotation marks and citation omitted]). Defendant’s remaining contentions have been examined and found to be without merit.
Mercure, J.E, Rose and Lahtinen, JJ., concur.
Ordered that the judgment is affirmed.

. Defendant acknowledged his incarceration at the time of his arraignment on the special information (compare People v Gaddy, 191 AD2d at 736).

. Defendant’s general motion for a trial order of dismissal did not preserve his legal sufficiency claim (see People v Finger, 95 NY2d 894, 895 [2000]); however, his claim that the convictions were also against the weight of the evidence requires this Court to evaluate the sufficiency of the evidence as to each element of the crimes (see People v Townsend, 94 AD3d 1330, 1330 n 1 [2012], lv denied 19 NY3d 1105 [2012]).